2 U.S. 360
 2 Dall. 360
 1 L.Ed. 415
 Schermehorn
v.
L'Espenasse, et al.
 Circuit Court, Pennsylvania District
 October Term, 1796
 
 Bill in Equity. This bill stated that on the 31st of December, 1790, the defendants, merchants of Amsterdam, had executed to the complainant (who resided at the same place) a Power of Attorney to receive to his own use, the interest due on 180,000 dollars of certificates of the United States bearing interest at 6 per cent, from the 1st Jan. 1788, to the 31st Dec. 1790, amounting to 32,400 dollars; but that, notwithstanding this assignment, the defendants on the 16th June 1792, received certificates for the 32,400 dollars of interest, and agreeably to the act of Congress, funded the amount at 3 per cent in their own names. The Bill then prayed relief, according to the equity of the case, and that an injunction might issue to prevent the defendants from transferring the stock, or receiving the principal or interest; and also to prevent the Register and Transfer Clerk of the Treasury, and the Cashier of the Bank of the United States, from allowing a transfer, or paying the principal or interest of the stock, pending the suit. On filing the Bill, Du Ponceau exhibited to the Court the Power of Attorney duly authenticated, from the defendants to the complainants; and his own affidavit stating, that he had inspected the books of the Treasury, where he saw that the identical stock in question was registered in the names of the defendants. Under these circumstances the injunction issued; but no subpoena was ever taken out, nor any further proceedings had in the suit 'till the present term, when Lewis moved for a rule to shew cause, why the injunction should not be dissolved. Before the motion was argued, Du Ponceau filed another affidavit stating, that the delay in issuing process was by mistake and accident; and not from motives of malice and oppression; that he had heard Lewis was to make the present motion near a year ago; and that in expectation it would be made, he had suspended the proceedings on the part of the complainant, intending as soon as Lewis should appear in the cause to serve him with the process, as Clerk in Court. Lewis admitted that he had been applied to about a year ago, not on behalf of the defendants, but of Messrs. Pollocks, who claimed the stock (as he alledged) by virtue of a deposit from the complainant himself; but, he insisted, that he had postponed making his application to the Court one term, at the instance of Du Ponceau. These facts being understood,
 Lewis endeavoured to support his motion on two grounds: 1st. That the injunction had issued irregularly, as there was no affidavit made of the truth of the allegations contained in the Bill; and 2nd. That the complainant had unreasonably delayed bringing the cause to a hearing and decision. On the first ground, he observed, that he did not object, because the injunction had issued before a subpoena was served, as there were various cases in which justice could not otherwise be attained; but in no case can an injunction be issued, or awarded, without a previous affidavit of the truth of the facts stated in the Bill. 2 Harr. Pr. Ch. 221. 222. 223. 232. 245. 259. Brown Rep. Ch. 452. 3 Br. Rep. Ch. 12. 24. 463. The affidavit filed in this case, is not in support of the Bill, but in proof of an extrinsic, immaterial, fact; and the Power of Attorney was not of itself sufficient. Such powers, given in a foreign country, do not always, on their face, explain the meaning of the parties; nor can they be deemed competent evidence of the right of property. It is true that. Harr. P. Ch. 221, and Hinde 583, mention, that an injunction may issue on the exhibit of deeds, writings, or other evidence; but the former cites Vernon, where not a word is said on the subject, and the latter refers to no authority. On the second ground, it was urged, that the complainant's delaying his suit, is assigned in all the books of practice, as a good reason for dissolving an injunction. 2 Harr. Pr. Ch. 259. 16. 17. Pr. in Ch. 508. In this case there has never been even an attempt to serve a subpoena; and the property being within the jurisdiction of the Court, the defendants (who are not, however, proved by affidavit to be resident abroad) might have been subpoenaed even in Amsterdam. If a subpoena is not served, the only excuse which can be allowed, and which must be proved, is that the party cannot be found; but the attempt to find must be made.
 Du Ponceau and Dallas, for the complainant, premised that they were desirous in any mode to obtain a hearing and decision on the merits of the cause; and offered to meet the adverse counsel instanter, either on the claim of the defendants, or of the parties for whom he interposed, upon an answer to the present Bill, upon a Cross Bill, or upon a Bill of Interpleader. If this overture was rejected, the inference must be conclusive in favor of the complainant, and the Court will pay no regard to a motion made in behalf of persons, whose interests are not involved in the existing cause, and who preferring this insidious course, refuse to appear, for the purpose of enabling the complainant to contest their pretensions. But, in answer to the two grounds urged for dissolving the injunction, it was contended, 1st. That, although an affidavit of the truth of the facts contained in the Bill, is a regular, and, perhaps, the most general foundation for an injunction, it is not the only foundation, on which it issues. Where the Bill states an equity, depending on the discovery of the defendant; or a relief is prayed upon circumstances happening within the knowledge of the complainant, and several other analogous cases, the affidavit of the party is the best evidence of which the subject admits; but a Court of Equity will not, any more than a Court of Law, confine itself to one kind of proof, where there are various kinds of equal validity; much less will it adopt an inferior in exclusion of a higher kind. Suppose the fact depends on a record; the law says, that a record is the only regular proof of its own existence; and yet if the rule in Chancery is as inflexible, as it is stated to be, the necessity for the affidavit of the interested party cannot be superseded by exhibiting the record itself. In the present case, would the complainant's affidavit be more satisfactory to prove the contents of the Power of Attorney, than the inspection of the instrument itself, as an exhibit in the cause? But, it is not on general principles alone, that the regularity of the proceeding is maintained: all the books of practice concur in stating, that an injunction may be obtained either upon matter confessed in the answer, or upon some matter of record, or on some deed, writing, or other evidence, produced in Court. 2 Harr. Pr. Ch. 221. Hinde Pr. Ch. 583. It issues upon payment of money into Court; and it has been granted to a bankrupt, upon the bare production of his certificate, to stay proceedings at law. 2 Harr. Pr. Ch. 222. 223. Besides, the present Bill must, from the nature of the transaction, be filed by an Attorney, as the complainant lives abroad; and it would have been fatal to wait for an affidavit, as the stock would certainly have been transferred on the first intimation of the suit, or intention to sue. It is conclusive, however, that by proof, independent of the allegations in the Bill, to wit the defendant's assignment of the property in question to the complainant's use, and Du Ponceau's affidavit of the defendant's having afterwards converted it to his own use; there is an apparent spoliation and fraud. The conscience of the Court cannot be more satisfactorily informed upon the subject; and it is a strong additional circumstance, that notwithstanding the injunction has so long bound the property, the defendants have never attempted to release it. 2nd. This naturally leads to the second consideration, whether the delay has been so unreasonable, as to warrant the Court in dissolving the injunction; and, of course, putting it forever out of their power to do justice to the party really injured, as the Stock will, doubtless, be instantaneously transferred. Neither of the grounds of the present motion at all relate to the merits; and, it may fairly be remarked, that the delay might more easily have been prevented by the defendants, than by the complainant. The delay, however, has not proceeded from any intention to oppress the defendants, nor to avoid a discussion; it is at most an error, or laches, of the solicitor, which the Court will not allow to be converted into an instrument for the destruction of a just claim. The defendants being abroad, it was doubtful how the complainant could proceed to bring the suit to a decision. Mitford 30. 2 Har. Pr. Ch. 222. and where an injunction is granted on the merits, it will not be dissolved before a hearing. If, therefore, the merits are with the complainant, no advantage can flow from granting the present motion; as it is expressly laid down in the books, that where the equity appears evidently for the plaintiff, or his case is hard, an injunction dissolved for unreasonable delay, will, upon motion, be revived. 2 Harr. Pr. Ch. 224. The Court will not dissolve the injunction merely to give an opportunity to carry the property (which ought in equity to be deemed the complainant's) out of its jurisdiction.
 Peters, Justice:
 If this were not a case, in which an irreparable injury might be done, by allowing the Stock to be placed beyond the jurisdiction of the Court, it would, perhaps, be proper to insist upon a more rigid practice than has been pursued. But the dissolution of the injunction would, probably, put the property out of the power of the Court; and incapacitate us from doing justice hereafter to the parties, according to the real merits of their respective pretensions. It is proper, however, to observe, that I do not think an affidavit to the contents of a Bill, is the only foundation for issuing an injunction. Harrison, on this point, is himself a respectable authority, though he cites no other book: but, independent of all written authorities, reason and the dictates of justice require, that other proof besides the party's oath should be allowed. Nor, under all the circumstances, can I decide, that the delay which has occurred is without a reasonable excuse. It will be proper, however, in continuing the injunction, to apprise the complainant, that, unless some good cause to the contrary is shewn, I shall be for dissolving it, at the next term.
 Wilson, Justice:
 This motion is made on two grounds: 1st. That the injunction originally issued on an improper foundation; and 2nd. That there has been an unreasonable delay in bringing the suit to a decision under it. It does not appear to me, however, that either of these grounds is sufficiently supported. The irregularity rests solely on the want of an affidavit; but this, though it is frequently, and, perhaps, generally, the mode of proceeding, is not, in my opinion, the only one. In the very case now before the Court, the evidence of the Power of Attorney, operating effectually as a transfer of the property, is certainly stronger evidence, than an affidavit of the interested party. With respect to the delay, it is sworn to have happened through inadvertance and mistake; and no evidence of a wilful procrastination has appeared in the course of the discussion. On the contrary, an overture has been made to bring the merits to a hearing, as expeditiously as can be devised. It is to be considered, likewise, that if the injunction is dissolved, the Court put it out of their power to do effectual justice; but, if it is continued, justice can be done, eventually, to the injured party; whether the complainant, the defendant, or Messrs. Pollocks, shall establish a title to the property.
 
 
 1
 The motion refused.