SEEBOR *vs.* HESS and others.

Although it is irregular to serve an injunction upon a party, without serving him also with the subpœna to appear and answer the bill, it is too late to give notice of an application to dissolve the injunction, on that ground, after a subpœna has been served on him.

The neglect of the complainant to serve the subpœna and injunction on some of the defendants named in the bill, is not a ground for dissolving the injunction, as to the defendants, on whom the service has been made.

In an injunction cause, if there has been any negligence in serving the subpœna, or procuring the appearance of a part of the defendants, those who have appeared and answered may have the injunction dissolved on their answers alone.

Where a bill is filed against several joint plaintiffs in a suit at law, to stay the proceedings there, it will be sufficient to stay the proceedings, if the injunction is served on the attorney, and on any of such joint plaintiffs, although it is not served on all; but the subpœna must be served on each defendant, unless he elects to appear voluntarily.

Copies of the bill, to be served upon parties who have not appeared in the cause, are not taxable; and if several defendants appear by one solicitor, although they appear at different times, only one copy of the bill is necessary to be served on such solicitor.

Upon special motions and petitions, if the papers on which the application is made or opposed are unnecessarily prolix or voluminous, costs will be refused to the party using such improper papers, although he otherwise might have been entitled to costs against the adverse party.

THE bill in this cause was filed against G. H. Hess and wife and twenty other defendants, and an injunction was issued thereon to stay the proceedings in an ejectment suit brought by all the defendants against the complainant. It appeared that a copy of the injunction was served on the defendant G. H. Hess, in November, 1834, and the subpœna was served upon him a short time afterwards. Some time after the service of the subpœna, the defendants, upon an affidavit of G. H. Hess, stating these facts, and also that he had been informed by some of the other defendants that the injunction and subpœna had not been served on them, gave notice of a motion to set aside the injunction for irregularity. The complainant's solicitor, in opposition to this application, produced affidavits showing that he had caused the injunction, subpœ-

*March 3.*

na and copies of the bill to be served upon several others of the defendants, and that he was proceeding to make similar services upon the remaining defendants as fast as they could be found. A full copy of the bill, injunction and subpœna, was also annexed to these affidavits.

*L. C. Saxton,* for the complainant.

*P. J. Waggoner,* for the defendant G. H. Hess.

THE CHANCELLOR. There was a technical irregularity in serving the injunction without serving the defendant with a subpœna to appear and answer. (4 *Paige's Rep.* 439.) But it was too late to give notice of an application to dissolve the injunction on that ground, after the subpœna had been actually served on the same defendant. The neglect of the complainant to serve the injunction and subpœua, immediately upon the other twenty defendants, living in different parts of the state, formed no ground for dissolving or setting aside the injunction. Those upon whom it is served may appear and put in their answers; and if there has been any negligence by the complainant, in serving the subpœna, or in procuring the appearance or answers of the other defendants, those who have appeared and answered will not be precluded from moving to dissolve the injunction upon their own answers alone. The service of a copy of the bill and of the injunction on each of these twenty defendants, was an unnecessary and useless expense, and is not taxable either as against the adverse party or as between solicitor and client. It was sufficient, in a case of this kind, where all the defendants were prosecuting a joint suit against the complainant, to serve a copy of the injunction upon any one of the defendants, and upon their attorney in the suit at law. The subpœna, however, must be served upon each defendant, unless some of them elect to appear voluntarily. The practice of making out separate copies of the bill for each defendant, and serving such copies with the subpœna, cannot be sanctioned. In ordinary cases, no copy of the bill to be served on the defendant is taxable,

until after he has appeared in the cause.   And where several defendants appear by the same solictor, only one copy of the bill, to be served on such solicter, can be allowed on taxation, although the defendants appear at different times.   The copy first served on the solicitor must answer for all of the defendants who appear by him.

The motion to dissolve or set aside the injunction must be denied.   But as I cannot charge the defendants with the expense of all the useless mass of papers which have been read in opposition to this motion, the application is denied without costs. And it may now be considered as the settled practice of this court, in all cases of special motions and petitions hereafter to be made or presented, that if the affidavits or other papers upon which the application is founded, or those which are read in opposition thereto, are unnecessarily prolix or voluminous, that circumstance alone will be considered a sufficient reason for refusing a solicitor the costs to which he would otherwise have been entitled as against the adverse party, if such useless or improper papers had not been produced by him.