1839.

Hegeman
v.
Wilson.

## HEGEMAN vs. WILSON and others.

An injunction to restrain the plaintiff in a suit at law from proceeding upon his execution against a third person, who is the defendant in that suit, to sell the property of the complainant in the suit in the court of chancery, is not an injunction to stay the proceedings in a personal action after judgment, within the intent and meaning of the sections of the revised statutes which require a deposit of the amount of the judgment upon the issuing of the injunction, and which authorize the plaintiff in the judgment to take the money out of court upon giving security to refund.

Where the situation of the property levied upon by execution as the property of the defendant in the execution, is such as to render it proper that a deposit of the amount of the execution should be made, or that security to the plaintiff in the suit at law should be given upon the granting of an injunction to a complainant who is not a party to that suit, the court or the officer who allows the injunction, should either require a deposit of the money, or the giving of a bond with sureties, as a condition precedent to the issuing of the injunction. But the party against whom such injunction has been obtained upon a deposit of the amount of his execution, is not entitled, as a matter of right, to take the money out of court upon giving security to refund the same if the complainant succeeds in his suit.

THIS was an appeal from a decision of the vice chancellor of the first circuit. The defendant Van Amringe was the assignee and owner of a judgment recovered in the superior court of the city of New-York, against E. Bloomer, another of the defendants in this suit: upon which judgment he had taken out an execution and caused it to be levied upon certain leasehold premises and a planeing mill and machinery thereon situated, as the property of the de-

July 16.

---

(a) See 1 Chitty's General Practice, 697.

fendant Bloomer, but which, as the complainant alleged in his bill, was not the property of Bloomer, but his own. And the bill in this cause was filed, among other things, to restrain the sheriff, and the defendant Van Amringe, from selling this property upon that execution. A preliminary injunction was granted accordingly, upon the complainant bringing into court and depositing with the clerk the sum of $650, to abide the further order of the court. An application was thereupon made to the vice chancellor, by Van Amringe, for leave to take the money out of court, upon giving a bond with sureties to repay the same with interest whenever required to do so by the order of the court. Upon this application several affidavits were read on both sides as to the ownership of the property in question ; and the vice chancellor upon hearing of the parties denied the application, and directed the costs thereof to abide the event of the suit. From this decision Van Amringe appealed to the chancellor.

*W. Silliman,* for the appellant.

*A. L. Jordan,* for the respondent.

THE CHANCELLOR. The question as to the ownership of this property cannot be settled upon an application of this kind, upon affidavits, as that would be anticipating the decision of the main question in the cause without giving the parties an opportunity to examine and cross-examine witnesses in the usual way. It is only necessary, therefore, to look into the affidavits for the purpose of seeing whether there is a strong probability that the property in question belongs to the defendant in the execution ; for the purpose of determining whether it is equitable that his judgment creditor, who had levied thereon, should have possession of the fund pending this litigation. Upon the present papers I am inclined to think the defendant Bloomer had no interest in the property which could be sold upon the execution of Van Amringe. Although Wilson swears

there was no consideration for the assignment from Bloomer to Moon, that appears to be a fact which it is impossible that he should know, unless he was present at the time of the assignment and heard the parties thereto declare that it was without consideration ; which is wholly improbable. Besides, he is positively contradicted both by Bloomer and Moon. He therefore has sworn positively to a matter of which he was not cognizant, or Bloomer and Moon have been guilty of wilful perjury.

The only question upon this appeal therefore is, whether this is a case coming within the provisions of the revised statutes, requiring the deposit of the amount of the debt and costs, upon granting an injunction to stay proceedings at law in a personal action after judgment; and authorizing the court to pay over the money thus deposited to the credit of the plaintiff in the suit at law, upon his bond, with sureties, to repay the same with interest if so directed by the order of the court. (2 R. S. 189, § 147, 148.) As I have had occasion to observe in another case, the party who has obtained a verdict or judgment at law is, as against the defendant in that suit, prima facie entitled to the money thus recovered. And one object of this statute was to give him the possession of the fund while the equitable right to the same was in further litigation in this court, upon his giving security to restore the amount in case the adverse party finally succeeded in showing that the verdict or judgment was inequitable. But the reasons upon which this statutory provision is founded are not applicable to a case where there is no privity between the complainant, who applies to this court for an injunction, and the defendant in the suit at law ; and where the object of the injunction is not to stay the proceedings in the suit at law against the defendant therein, or against his property upon which the judgment or execution is a legal lien. Here, if the allegations in the complainant's bill are true, the property in controversy never was either legally or equitably affected by the judgment or execution, and there is no privity whatever between him and the defendant in the suit at law, in re-

spect to the judgment or execution. The ground of his ap-
plication to this court for relief, if the court of chancery
has any jurisdiction of the case, is not that the enforcing
the collection of judgment against any property of the de-
fendant therein is unjust or inequitable ; but that the appel-
lant, and the sheriff under his direction, are endeavoring to
collect an execution against a stranger, by a levy and sale
of the complainant's property, in a manner which will pro-
duce irremediable mischief, and for which he has no ade-
quate relief by a suit at law against the sheriff. I think it
therefore is not a case in which a deposit of the amount of
the judgment, or even the giving of security, was absolute-
necessary to entitle the complainant to an an injunction.
In other words, this was not an injunction to stay the pro-
ceedings in the action at law, within the meaning of the
statutory provision before referred to. Van Amringe there-
fore, as the real plaintiff in that suit, was not entitled as a
matter of right to take the money out of court upon giving
a bond and personal security. Independent of the statute,
the nature of the property levied on was such that it was
a proper case for the officer who allowed the injunction to
require a deposit of the amount of the judgment, or the
giving of security for the payment thereof, or of the dam-
ages the owner of the judgment might sustain if the alle-
gations in the bill were unfounded, as a condition of the
granting of the injunction. But in such a case the party
against whom the injunction is granted has no claim to the
immediate possession of any part of the fund which is
brought into court, by the adverse party, as a mere security
for the damage which may be sustained by the issuing of
the injunction.

The decision of the vice chancellor was therefore not
erroneous, and must be affirmed with costs ; and without
prejudice to the right of either party to apply to the vice
chancellor to have the fund in court invested, either upon
bond and mortgage, or in the Trust Company, upon inter-
est, to abide the further order of the court in this cause.