ROBERT GAMBLE, APPELLANT VS. CAMPBELL APPELLEE.

1. A Court of Equity will not enjoin a Judgment at law and grant a new trial in case of negligence and inattention of a plaintiff to the defence of his suit.

2. It is not proper to dissolve an injunction or dismiss a bill for want of a suitable bond for costs or for insufficient notice or non-payment of costs; the Court should correct the error if possible, without resort to this alternative.

Appeal from a decree of the Circuit Court for Hillsborough County,

*J. T. Magbee*, for Appellant.

*James Gettis*, for Appellee.

BALTZELL, C. J.

This is a Suit instituted in Equity by the Complainant Gamble to enjoin a Judgment at law recovered against him, and to obtain a new trial.

Defendant demurred to the bill, insisting that there is not sufficient equity in it to entitle Complainant to relief.

The basis of the complaint is the excessive charge by defendant for work done to the machinery of complainant at his sugar plantation. He alleges that the work executed ought to have been performed in fourteen or fifteen days, and according to his estimate is worth about seventy five dollars, whereas the Judgment of the Court is for two hundred and twenty five dollars; in addition to this that there was an agreement for arbitration and to dismiss the suit, which not having been done, he was wholly unprepared for trial, and Judgment was rendered against him without defence.

The first point is as to the charge for the work, and here it is obvious that the averments are very vague and indefinite. We are not informed what work was done nor the character nor extent of it, nor whether it required skill or was of ordinary kind. We are only told that it ought to have been performed in fourteen or fifteen days, and the Engineer selected as referee made his estimate by the extravagant charges made against Gevernment in the Indian War. In cases of this kind there should be specific and definite statements to satisfy the Court that injury and injustice have been done, especially where knowledge of the subject matter can scarcely be supposed to be in its pos_ session. That this is indefinite, it is only necessary to say that the denial of these statements presents no issue, and their ascertainment brings us no nearer to a conclusion as to the merits of the contest than without it. The merits of the case depend upon this position, for if the Judgment is not for too large an amount then complainant is not injured.

Whilst we are of opinion that the allegations do not

make out a case in this respect entitling the complainant to relief, we proceed to the other charge of surprise in the respondent's not dismissing the suit at law, and his taking Jugdment contrary to agreement.

We are by no means satisfied from the statements in the bill that there was such agreement ; on the contrary incline to the opinion that there was not, whilst an arrangement is stated to have taken place between the friend of complainant and defendant, the terms of which are narrated to the effect that an Engineer was to be the referree, that items were to be furnished, witnesses and evidence to be produced, one hundred and fifty dollars to be paid to defendant, the bill proceeds as follows :

"That after these interviews with said Braden the friend of complainant it *was understood* that the suit at law was dismised, and said Braden left the place Tampa, considering the matter of the suit settled, and that the arrangement for the reference was acceptable to all parties." If the dismissal had been part of the contract it was easy to have so stated, but there is nothing of the kind, and we are informed that after the arrangement was made, it was understood, with whom or by whom is not said, that the suit was to be dismissed. The importance of this fact is too obvious in its effect on the suit to allow a vague and imperfect allegation of this kind, to have the weight of a positive and definite charge, so that we are constrained to believe that no such agreement was made.

Passing from this point we do not perceive even that an agreement for a reference was made. The allegation that the friend of complainant agreed to a reference is not

sufficient, unless authority was shown and alleged from complainant or his adoption of it afterwards, established.

If it had the sanction of complainant he admits he did not perform, but forgot, one of its main provisions, the payment of one hundred and fifty dollars to secure performance of the reference, and that he altogether failed to attend to the reference either by being present or having witnesses &c. present. It is true the latter is attempted to be excused by presure of other business, yet the whole statement shows conclusively, that defendant acted prudently in not dismissing his suit, and in not relying upon the parol engagement of complainant's friend to adjust the matter by arbitrament. The whole case is fertile of omission and neglect of this character. Complainant is sued and is indebted to the .kindness of a lawyer who volunteers to prevent a default by entering his name at the first term ; another friend volunteers to arrange the case by reference, but he neither complies with the terms of reference nor does he attend the trial of the case before the referee, nor does he regard in any degree the suit at law. Here also no defence is made, and Judgment is rendered necessarily in his absence. The result of all this is that by the award of the referee and the Judgment of the Court both, he is declared indebted in about the same sum. Under such circumstances it would be extending the powers of a Court of Equity to a most unprecedented extent, indeed paying a premium to indifference and inattention to allow his suit to be successful. Complaint is made of the credit directed by the Court as injurous to complainant, but we think without propriety. The credit is directed of the date of

the Judgment although made of a later date, so that the injury is to defendant.

We do not concur in the view of the Court as to the dissolution of the injunction. A bill should not be absolutely dismissed or the injunction dissolved for deficient injunction bond for non-payment of costs or for want of notice. The plastic and salutary power of the Court of Equity is exerted to amend and correct, rather than by adopting the harsh and severe rules and maxims of the common law Courts, to dismiss and turn the parties out of Court. The injunction was properly dismissed for want of Equity.

For these reasons we are clearly of opinion that the plaintiff has not made a case entitling him to relief, and his bill was properly dismissed.

The decree will therefore be affirmed with costs.