FRANCIS D. SCARLETT, TRUSTEE OF FANNIE A. PARLAND, AP-
PELLANT, vs. WILLIAM M. HICKS, ADMINISTRATOR, AND
MARGARET LANG, ADMINISTRATRIX OF ROBERT LANG, DE-
CEASED, APPELLEES.

1. Where there has been a suggestion of insolvency filed in the County
   Court, and notice calling in creditors, one creditor has an equity to en-
   join proceedings under a judgment at law obtained by another creditor,
   after suggestion of insolvency filed in the County Court.

2. In such a case, the County Court, not having the power to enjoin exe-
   cution of a judgment at law rendered by the Circuit Court, a Court of
   Chancery may grant relief by injunction without removing the admin-
   istration of the assets to its own jurisdiction.

3. To such a proceeding the legal representative of the decedent is a ne-
   cessary party. The omission to make him a party is not, however, a
   ground for the dissolution of the injunction. To such a proceeding the
   sheriff—the officer of the court of law—is not a proper party, having no
   interest in the subject matter of the controversy. His being made a
   party improperly is, however, no ground for the dissolution of the in-
   junction.

4. An injunction continues, under the practice in this State, for the time
   fixed by the order granting it, and if no time is limited, until the hear-
   ing, unless it is sooner dissolved. There are no terms of the court for
   chancery proceedings. The court, under the statute, is always open for
   such proceedings, whether interlocutory or final.

5. That the chancellor, before granting an injunction, has failed to require
   an exhibit of a claim alleged to be in writing, or in this case an exhibit
   of a copy of the claim filed in the County Court, and a copy of the
   proceedings in that court, is no ground for a dissolution of the injunc-
   tion.

6. To dissolve an injunction where the only relief to be obtained is a per-
   petual injunction staying proceedings at law, is equivalent to dismissing
   the bill. In such a case as this, where there is abundant equity in the
   bill, where some of the defendants are non-residents, and where a sub-
   pœna has been issued and served upon one of the defendants in person,
   and upon the attorney of the non-resident defendants, the injunction
   should not be dissolved upon the ground of delay in prosecuting the
   suit.

7. That a party procures the entry of his appearance with the statement
   that his appearance is special, does not alter the effect of the appearance

if he contests the suit upon its merits. If, notwithstanding this entry,. he contests the suit upon its merits in the court below, obtaining a judg- ment in his favor, and upon an appeal to this court contests the appeal upon its merits, he is in court for all purposes, and upon remanding the case will be held to file his defences in the regular order of pleading.

Appeal from an interlocutory order of the Circuit Court for Alachua county.

George W. Means, administrator of John W. Anderson, filed in the Probate Court of Alachua county a suggestion of insolvency of said estate. A decree of insolvency was made, and all the creditors were cited to file their claims against said estate. Francis D. Scarlett, the appellant, and Hicks and Lang, administrators, appellees, were creditors of the estate in amounts exceeding $40,000 each. Appellant promptly filed his claim according to the citation, while ap- pellees sued their claim, obtaining a judgment. They caused execution to issue, a levy to be made upon property of the estate, and advertised the same for sale. Appellant filed his bill setting up these facts, praying that the sale might be enjoined and the respondents remitted to the Probate Court. The injunction was granted, issued and served upon the sheriff and the respondents' attorneys in the common law suit, and returned on the 11th of August, 1870. Subpœna was served on the sheriff and respondents' attorneys, and re- turned "not found,"as to respondents themselves. On the 12th of August, 1870, respondents' attorneys, "appearing specially," moved to dissolve the injunction on the following grounds:

1. There is no equity in the bill. Equity will not permit one creditor to sue another standing on equal rights against the debtor.

2. The whole matter of complaint is entirely within the jurisdiction of the Probate Court.

3. The demand is barred by the statute of limitations.

4. George W. Means, the administrator of Anderson, who is not made a party, is a necessary party.

5. There is an entire misjoinder of parties.

6. There has been no process served on the parties to the judgment and execution enjoined.

7. No bond has been given to secure the creditors in the judgment at law, as the statute requires.

After hearing, an interlocutory order was made, dissolving the injunction. From this order this appeal is prosecuted, and a reversal of the order is sought upon the ground that the court erred in dissolving the injunction upon any of the grounds set forth.

*C. P. Crawford* for Appellant.

The subpœna was the proper process, (see Code, secs. 383, 390, 391, 78, and Stat. of Anne,) was served in proper time, (5 Paige, 85,) and on the proper parties, to-wit: the record-attorneys of non-resident defendants. 1 Green's Chy., 5; 4 Wash. C. C., 472; 3 Bro. C. C., 429; 18 Ves., 447; 1 P. Williams, 523; Hill. on Injunc., 50; 5 Sim., 416; 1 Dan. Chy. Pr., 363.

Defects of service are waived by voluntary appearance of defendants, in fact. Code, sec. 90; 7 How. Pr., R., 51; 9 id., 378, 448; 12 id., —; 15 id.

There is ample equity in the bill, for the probate's decree of insolvency subjects the assets to the equitable rule of distribution among creditors, forbids the race of legal diligence among creditors, and annuls all liens arising after the insolvent's death. Act of 1853, p. 106; 2 Williams on Ex., 1718, 1628; 1 Smith's Chy. Pr., 610; 2 Rich. Chy., 32; 4 Johns. Chy., 637 to 645, 651; 8 How., U. S., 111; 12 Fla., 166; 2 Wheat., U. S., 424.

The bill charges "irreparable damage" and "fraud" on the act of 1853, raising equities so potent that the injunction would not be dissolved, even "on answer" denying every allegation of the bill. 3 Sumner, 70; 8 Ire. Eq., 9; 2 Jones' Eq., 318; 7 How., U. S., 627; 12 Ga., 5; 2 Johns. Chy., 204; 22 Ga., 275; Watk. Chy., 90; Hill. on Injunc., 93.

*Parties.*—Any creditor of an insolvent estate may sue for

injunction to restrain other creditors from legal proceedings. Act of 1853, p. 106; Hill., 335; 4 Johns., 643; 3 J. J. Mar., 294; 1 Md. Dec., 466; 2 Williams' Ex.; 2 Wheaton, 424.

Misjoinder of parties defendant is not a ground for dissolution of injunction.

*Injunction bond* is not required in this suit, because complainant is not a party to the execution enjoined. Thomp. Dig., 454; 12 Tex., 202; 8 Paige, 29; Hill., 129. Complainant acts in a fiduciary capacity. 2 Ran., 247; 3 Bland, 606. The bill charges fraud. 6 Paige, 108. The facts disclosed show that the injunction should be perpetual. 5 Gill, 138. The injunction is necessary to protect the jurisdiction. 2 Williams' Ex., 1628; 1 Camp., N. P., 148; 2 Rich. Chy., 32; 4 Johns. Chy., 643, 651; 8 B. Mon., 334; pt. 1, 2 vol. Eq. Lead. Cases, 218.

Even if the bond is defective, it is not a ground for dissolving an injunction. 6 Fla., 347.

*J. B. Dawkins* and *O. A. Myers* for Respondents.

There is no equity in the bill. It does not charge fraud, accident, mistake, or other matter relievable in equity. 12 Fla., 106, 107; 15 Ga., 554; 12 Grat., 40; 2 Texas, 57. It seeks no remedy against the representative of the estate, who is a necessary party. 1 Curt., 309; Thomp. Dig., 453; Code, sec. 10.

This judgment at law cannot be remedied by a court of equity. Hill. on Injunc., par. 6, 49, 75. The whole subject matter is entirely within the jurisdiction of the County Court, which court has exclusive jurisdiction of this case.

The administrator of the insolvent estate is the only person who has an equity, if there is any at all.

Each of the parties to this bill are creditors of the estate, and one creditor cannot enjoin another creditor from pursuing his legal remedies against one who is their common debtor. 2 Ire. Eq., 129; 4 Johns. Chy., 651; 3 Dan. 186;

Adams' Eq., 25, 74, 259 ; 1 Story's Eq., p. 549 ; 2 Story's Eq., p. 890. The sheriff is an improper party. An injunction will be dissolved at the return term of process, if complainant has taken no steps to have process served without an answer of the defendant, although he has appeared by attorney. 4 Wash. C. C., 174; Hill on Injunc., 102, 48, 50 ; 3 Ire. Chy.; Rule of U. S. C.; Code, sec. 333, p. 6.

There is no bond. The bill seeks to enjoin a judgment at law, and the provisions of the statute requiring bond are peremptory. Thomp. Dig., 454.

WESTCOTT, J., delivered the opinion of the court.

This bill is brought by one creditor of an insolvent estate against the sheriff and another creditor of the same estate, who, since the filing of the suggestion of insolvency in the County Court, and the publication of notice calling the creditors to that jurisdiction, has obtained a judgment at law ; has caused a *fi. fa.* to issue, and is proceeding under the process at law to subject the assets to sale to satisfy his judgment. In accordance with the prayer of the bill, an injunction was granted. Subsequently, upon the motion of the defendants, this injunction is dissolved, and from the order dissolving the injunction this appeal is prosecuted by the plaintiffs. Whether this order ought to be sustained is, therefore, the question for our consideration. The grounds upon which it is sought to be justified are numerous, involving many questions of practice, as well as various matters connected with the very interesting subject of the administration of the assets of insolvent estates.

The first ground upon which it is contended that the injunction was properly dissolved, is, that there is no equity in the bill—one creditor of an insolvent decedent having no right to enjoin execution of a judgment at law obtained by another creditor after suggestion of insolvency filed in the County Court and notice calling in the creditors. Where the estate is solvent, it is true that one simple contract

creditor has no equity to enjoin proceedings at law by another creditor against the legal representative of the decedent. It is apparent, however, that authorities to this effect do not settle the question here involved. Creditors, under the circumstances of this case, occupy under the statute a relation to each other analogous to that which they occupy after a decree to account upon a general creditor's bill. In such a case, each creditor is entitled to appear before the master, and may there contest the claim of any other creditor. 1 Craig & Phillips, 48, 56. He goes to the master's office with an equity which enables him to become an actor, even as against his co-plaintiff in the same bill, so far at least as he desired to contest there his claim or debt.

Under the provisions of the statute regulating the administration of insolvent estates in this State, upon the filing of the written suggestion of insolvency in the County Court, all the creditors are called into that jurisdiction for a final settlement of the estate, in accordance with the provisions of the act fixing the priorities and standing of the respective creditors or claimants. Under the provisions of this statute, each creditor or claimant has a right to contest the claim or demand of any other claimant or creditor, although the debt is admitted by the administrator. So we see that, after suggestion of insolvency is filed, the creditor having filed his claim in the County Court, becomes invested with the right to contest the claim of any other creditor, and this is true, even if the legal representative of the decedent admits it.

In this case the debt, as against the administrator, has been established by a suit at law, nor does the creditor deny that the debt is a valid claim against the estate. His proposition is, that upon the filing of the suggestion of insolvency and notice by the County Court, no creditor can proceed at law further than to establish a disputed claim by a judgment at law, and that if upon the rendition of such judgment the court of law awards a *fi. fa.*, or the creditor obtains a *fi. fa.*, it is void, being contrary to and a fraud upon the statute,

which provides that upon the rendition of a judgment, "the same shall be filed with the County Court for *pro rata* payment." He insists that he is entitled to the process of a court of equity to enjoin proceedings by this judgment creditor, which are contrary to the statute. It is clear that the effect of this judgment is only to establish the debt as against the legal representative. It constitutes no lien upon the real estate of the decedent, and the claim is entitled to no priority by virtue of the fact that it has passed into judgment. After a decree upon a general creditor's bill, not only the executor but a creditor, or even a legatee, could upon motion alone enjoin proceedings at law upon another creditor. 4 Eng. Chy., 123 ; 1 Jac., 123. Under these circumstances, a court of equity, having custody of the assets, would enforce the rule of equality in their administration, and would prevent the acquisition of liens at law.

The legal rule for the administration of these assets is the rule of equality, and the court of law would, upon proceedings by the defendant in the judgment at law, prevent the issuing of an execution, and if issued, would direct its return. The creditor not being a party to the judgment, the court of law cannot give him relief. He must seek a court of equity, where equity will follow the rule of law, which is equality, and will administer the necessary relief. Having this right under the express terms of the statute, and being vested with such equities as are stated above, the only question remaining to be considered to dispose of this branch of the subject is, does the fact that the assets are in the County Court, to be there administered by that court, prevent the chancellor from enjoining the judgment at law ? We think not. The County Court cannot enjoin a judgment of the Circuit Court, and in the absence of this power in the County Court, we can see no reason why the chancellor may not enjoin these proceedings without taking the administration of the assets into his own jurisdiction. Under the organization of the judicial system of the State of North Carolina, the

Superior Court, in the matter of the administration of the assets of decedents, occupied in many respects to its Probate Court the same relations as the Circuit Court in our system does to the County Court. Speaking of the jurisdiction of these two courts, the Supreme Court of North Carolina, in a recent case, remarked : " It may, in the course of proceedings in the Probate Court, become necessary, in order to protect the rights of one party or the other, to have an injunction, which the Probate Court cannot order. In that case, the party must of necessity apply to the Superior Court, but such an application would not oust the jurisdiction of the Court of Probate." 64 N. C., 177. So in this case the Circuit Court had jurisdiction to grant the injunction without removing the administration of the assets to its jurisdiction, or if the plaintiff had so desired, we do not see why a court of chancery could not, upon a general creditor's bill, have taken the administration of the assets into its own jurisdiction. This question, however, is not involved here. Our conclusion, therefore, is, that this creditor has an equity which entitled him to this relief, and as it could not be granted by the County Court, the Circuit Court properly administered it.

The next ground upon which it is sought to sustain the order dissolving the injunction in this case is, that the rules of chancery practice in the Circuit Court of the United States are the rules controlling the practice in the Circuit Court in this State ; that these rules provide that when an injunction is awarded in vacation, it shall, unless previously dissolved, continue until the next term of the court, or until it is dissolved by some order of the court, and that as a term intervened in this case, and no order was made continuing the injunction, it stood dissolved. Even if it is admitted that this rule fixes the next term of the court as a limit for the continuance of the injunction—as to which we express no opinion—it is not in force in this State, as under the provisions of our statute (ch. 521, sec. 6,) there are no terms of

the court for the purpose of chancery proceedings. An injunction continues under our practice for the time fixed by the order granting it, and if no time is fixed, until the hearing, unless it is sooner dissolved.

It is again urged that the injunction was properly dissolved for the want of the bond, which the statute requires before an injunction staying proceedings at law should be issued. The statutes upon this subject (Thomp. Dig., 454, and ch. 526, sec. 1, p. 104, Acts of 1852,) provide that no injunction shall issue to stay proceedings at law after verdict, unless the party applying therefor shall previously pay all the costs in the suit at law, and shall enter into a bond with two or more securities in double the amount of the verdict at law, payable to the plaintiff in the action at law, conditioned to pay the debt and interest enjoined, and such damages as may be occasioned by the wrongful issuing of the injunction.

The intention of the Legislature here was to require at the hands of the defendant at law due security for a compliance with the result of the suit at law before he could question it in a court of chancery. Having failed in the suit at law, he must give security for a compliance therewith in case he fails to secure the aid of a court of equity. The present case, while it may be within the letter, is not within the reason or spirit of the statute, nor is it within the evil which the statute was enacted to remedy or the intention of the makers. Under these circumstances, the rules of construction require that it should not be extended to this case. Plow., 18; 8 Paige, 31; Bacon's Ab., Title Statute, p. 385; 12 Fla., 611.

The next ground that we consider is, that the claim of the creditor being in writing, its statement in the bill was not sufficiently explicit; that no exhibits showing the nature of the claim or the proceedings in the County Court accompanied the bill. If it is admitted that the claim in this case is evidenced by writing, which does not appear, the failure to

submit the written evidence with the bill does not justify a dissolution of the injunction.    The chancellor, before award-ing the injunction in this case, might and should have re-quired an exhibit of a copy of the claim filed by the creditor in the County Court, as well as a copy of the proceedings in that court, (12 Md., 315;) but an injunction having been granted, a failure in this respect is no ground to dissolve it. While a chancellor may very properly require such evidence to satisfy his own conscience before granting the injunction, it by no means follows that a failure so to do will justify a vacation of the order made without it.

It is also urged that the plaintiff failed in this case to use due diligence in the prosecution of his suit, in neglecting to cause a subpœna to issue until a considerable period had elapsed after filing the bill and after issuing the injunction.

There is a degree of laches in the prosecution of a suit after obtaining an injunction, which will justify the dissolu-tion of the injunction.    From the record in this case, it ap-pears that the subpœna was issued before the motion to dis-solve was made, and it also appears that the defendants not served were not to be found in the county, and that the sub-pœna was served upon the attorney of the plaintiffs in the action at law.    The legitimate presumption from this record is, that the defendants not served reside beyond the limits of the State, and that really the subpœna could not be served upon them.

In this case, the plaintiff believed that the service upon the attorney of the plaintiff in the action on the common law side of the court was sufficient, and without deciding whether such service was or was not sufficient in a case of this kind, where a person not a party to the judgment at law seeks an injunction, it is apparent that the delay was not occasioned by wilful negligence.    In the language of the Supreme Court of the United States, in a case where this question was raised, (2 Dall., 360,) " we cannot decide that the delay which has occurred was not without reasonable excuse ; no evidence of

wilful delay in the prosecution has appeared, and it is to be considered that if the injunction is dissolved, the court put it out of their power to do effectual justice."

In some of the States (2 Stock. N. J., 331,) where the rule is that a subpœna must be taken out with the injunction and made returnable within the time prescribed by the rule for the return of the service of the injunction, a failure to take out the subpœna at the time required by the rule is sufficient ground upon which to dissolve the injunction. There is no such rule in this State, and there is consequently no result of this character attending a failure to comply with it.

No answer has been filed in this case. The motion to dissolve is principally based upon the ground that there is no equity in the bill. Under such circumstances, where the equity of the bill is abundant, and there is great necessity for the interference of the chancellor to protect a clear right of the party, the injunction should not be dissolved unless there is gross negligence in the prosecution of the suit to final decree. The circumstance that the defendants are non-residents, is always to be considered, as well as the fact that the subpœna was issued before the motion was made. 5 Paige, 85. It is also insisted that the sheriff was improperly made a party to this cause. This is true. He has no interest whatever in the controversy. Upon the issuing of the injunction it would have been sufficient to have served him with a copy of it, or other sufficient notice. It would have been a contempt for him to have proceeded after he had notice of it. Officers of the court who have no interest in the subject matter of the suit, should not be put to the expense of appearing and answering. 4 Ire., 474; 10 Ohio, 268. This, however, is not a ground for a dissolution of the injunction.

We have thus disposed of the grounds urged by the appellants, which, in their judgment, justified the order of the court. Some questions discussed, not arising upon the record, are not considered.

It is to be remarked in this case, that the provisions of the act entitled an act to enlarge and define the jurisdiction and to establish certain rules of practice in the courts of equity in this State, approved February 14, 1861, escaped the attention of the court, as well as of all the parties. The first section of this act requires that " in all suits in equity " in this State, where summary process of injunction is prayed, the injunction shall not be granted without bond, except upon certain affidavits and evidence, &c. The chancellor in this case erred in granting the injunction without bond, in the absence of the affidavits and evidence required by the statute. This, however, is not good ground for the absolute dissolution of the injunction. In respect to this, as well as to many other matters connected with the merits of the case as disclosed in the bill, which are urged as grounds for a dissolution of the injunction in this case, we quote with approval the language of Mr. Justice Baltzell, in the case of Gamble vs. Campbell, 6 Fla., 347. He says: " An injunction should not be absolutely dissolved for deficient injunction bond, for non-payment of costs, or for want of notice. The plastic and salutary power of the court of equity is exerted to amend and correct, rather than by adopting harsh and severe rules to dismiss and turn the parties out of court." In this case, as the only relief sought is to stay the proceedings at law, and the only final decree to be granted is a perpetual injunction, a dissolution would be equivalent to dismissing the bill. Had the injunction in this case been granted in conformity with the statute, then the code which changes the rule could not have affected this order ; but as the order granting the injunction was originally wrong, and is now to be modified, the rule applicable to such a case is the rule prescribed by the code. Par. 3, sec. 383. This is a motion to vacate or modify a previous order made by the court, and is controlled by the code. The court will require, in this case, a compliance with section 171 of the code within a reasonable time to be fixed by its order, and upon

a failure so to comply, may direct a dissolution of the injunction. We would remark, that this is a case in which it is proper to require "a written undertaking without sureties."

The defendant in the action at law is the legal representative of the decedent, whose effects are the occasion of this proceeding. He is a necessary party to this suit, and the court below will retain the injunction, with leave to the plaintiff to make him a party.

All of the proceedings of the attorneys of the defendants in the court below and in this court have followed what they have called a special appearance. It is immaterial by what word they may describe their appearance. They appeared and contested the merits of the bill in the court below. They have appeared and urged the case upon its merits here, and we must hold, in conformity with the authorities, that the defendants are in court for all purposes.

When this case is remanded, it will be the duty of the defendants to make their defence in the regular order of pleading.

The order of the court, dissolving the injunction in this case, is reversed and set aside, and the case is remanded for such proceedings as are in accordance with this opinion and the principles of equity.