# 𝕮𝔥𝔞𝔯𝔩𝔢𝔰𝔱𝔬𝔫.

CHESAPEAKE AND OHIO RAILROAD COMPANY *vs.* ROBERT PATTON.

### January Term, 1872.

1. The authority of clerks of circuit courts to administer an oath, under the 6th section, chapter 117 of the Code, 1868, extends to *all* cases wherein an affidavit is necessary.

2. An injunction should not take effect until the bond is given, but if by accident it is made to take effect before, this is not sufficient error to warrant this court in reversing the order granting it. A party ought to be allowed a reasonable time after his attention is called to the defect in the bond, by rule or notice, in which to execute a proper bond, and on his failure to do so the injunction ought to be dismissed.

3. The charge in a bill of injunction against a railroad company that they "have entered upon the same (the land) or are about to enter upon the same," is too uncertain, when taken in connection with another charge in the bill that the company has acted without the authority of law, and in the absence of any averment or charge that it is about to act further without authority of law.

4. An injunction should not be granted for an act done and completed, though contrary to law, unless under peculiar circumstances.

5. Injunction improperly allowed because, among other imperfections in the bill, it was not averred that the defendant, at the time the bill was filed, was transcending its authority, or was about to do so; or that it was insolvent; or that it was doing or about to do any injury to the property of the plaintiff which could not be adequately compensated in damages.

The following bill of injunction was obtained on the 11th of October, 1870 :

" *To the Honorable Judge of the Circuit Court of Fayette County :*

"Showeth unto your Honor your orator, Robert Patton—

"That he is the owner and is possessed in fee of a tract of land in the county of Fayette, State of West Virginia, lying on the Kanawha river, containing forty and one-half acres of land, adjoining the lands of Oliver A. Patton, trustee for his wife, and others, and purchased by your orator from one Mason Coleman.

"That the said land described is in part comprised of valuable Kanawha river bottom, consisting of twelve or fifteen

acres of land, worth from four to five hundred dollars per acre. That the said mentioned land is a long narrow strip fronting on the Kanawha river.

"And your orator further showeth the Chesapeake and Ohio railroad, an incorporated company for purposes of public utility and internal improvement, have, without the consent of your orator or any authority whatever, but after written notice not to do so, entered upon, took possession, and have erected upon the said land telegraph poles, with wires to the same, have removed or destroyed the fencing around the same. That they have entered upon the same, or are about to enter upon the same, for the purpose of excavating by digging and other means, a double track railroad for the use of the Chesapeake and Ohio railroad through the same, to the great and irreparable damage to your orator of same, and which is contrary to law, and is in palpable violation of the rights of your orator as owner of same.

"That the said Chesapeake and Ohio railroad have in so doing acted without the authority of law in failing to pursue the course provided by law, as authorized by chapter 42, pages 260–266 of the Code of West Virginia, for all of which unlawful and oppressive acts your orator has sustained great damage, and will sustain greater damage and injury by the prosecution of the work aforesaid. He therefore prays that the Chesapeake and Ohio railroad, their agents, servants and contractors employed upon the said work, to-wit, Irvin C. Lewis and William Crawford, be made parties to this bill, and that they be required to answer the same on oath; that they all be inhibited, forbidden, and enjoined from using or operating the said telegraph wires in any way; that they be inhibited, enjoined, and forbidden from doing any work of any kind whatever, either in digging or excavating the earth on the said premises for the construction of the said railroad, and for general relief."

It was sworn to before the clerk of the circuit court of Kanawha county. The bond was executed on the 19th of the same month, yet it does not seem to have been approved by the clerk of Fayette circuit court before the issuing of the writ with the injunction endorsed, which latter was done on the day after the bond was executed.

236    COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,        Chesapeake & Ohio R. R. Co. vs. Patton.        1872

On the 28th of February, 1871, the defendant filed an undertaking, and on the 21st of the month following gave notice of this appeal, from the order granting the injunction.

*Miller & Quarrier* and *Laidley & Hogeman* for appellants.

This is an appeal from an order of injunction to restrain the appellants, Chesapeake and Ohio Railroad Company, their agents, contractors, &c., from constructing a railroad through complainant's land. There was no appearance by the appellants to the bill, either by demurrer, answer or motion to dissolve, but the appeal is taken directly from the order granting the injunction, under the seventh clause of the first section of chapter 135 of the Code of West Virginia. See *Hutchinson* vs. *Landcraft*, 4 W. Va., 312.

The appellants complain of various errors in the order of injunction.

First. It was error to grant the injunction until the bill was properly sworn to before an officer authorized to administer oaths. In this case the officer certifying the oath is the clerk of the circuit court of Kanawha. The suit is, however, brought in the circuit court of Fayette. The clerk of a court is not generally empowered to administer oaths. His power in this respect is limited, viz: he can only certify an oath in a cause pending in the court of which he is clerk. All other oaths must be authenticated and certified by designated officers. Code, chapter 117, § 6; *Commonwealth* vs. *Williamson*, 4 Grattan, p. 555.

Second. It was error in the clerk to issue the writ without an endorsement until the injunction bond was approved by the clerk of the circuit court of Fayette. The record shows no approval by the clerk of the bond given in this case. Code, chapter 10, § 1; Code, chapter 133, § 10.

Third. There are fatal defects in the bill itself, for which the judge ought to have refused the injunction. Among them are the following :

I. The bill contains no averment that the complainant had not a complete and adequate remedy at law. At best, in general terms, it alleges a threatened trespass. Before a court of equity can interpose by injunction to prevent this, it must appear that full compensation cannot be had at law. 7 John-

son's Chy., 315; *White Sulphur Springs Co.* vs. *Holly*, 4 W. Va., p. 597; 6 Johnson's Chy., 500; Hilliard on Injunction, pages 319 to 322, and chap. 1, § 23; 6 Vesey, 787; 7 Geo., 49.

Where the circumstances related in the bill are not of themselves conclusive as to the inadequacy of complainant's remedy at law, the bill must contain a positive averment of the fact, otherwise courts of equity must refuse to interfere.

II. The bill does not show any peculiar or irreparable damage. A general averment of irreparable damage without stating the particular items of damage, that the court and parties may see that the damage done cannot in fact be compensated at law, is insufficient. The bill must show how and why the damage is irreparable. *Catching* vs. *Terell*, 10 Geo., 576; *Dewitt* vs. *Hays*, 2 Cal., 463; *Justices* vs. *Cosby*, and Jones' Eq., 254; *Waldron* vs. *Marsh*, 5 Cal., 119; Hilliard on Injunctions, p. 322; *The Justices, &c.,* vs. *The Griffen, &c.,* 11 Geo., 246; Hilliard on Inju., chap. 1, § 74; 7 Johns. Ch., 314.

III. The bill does not aver that the acts which defendant contemplated, or was about to do, were without authority of law. It is conceded that the acts *done* are alleged to have been done without authority, but it is respectfully submitted that the bill nowhere alleges that the acts *threatened and contemplated* were without authority. As the purpose of injunction was altogether prospective, and could have no relation back to completed trespasses, the order of injunction should have been refused. The courts have invariably required great strictness in injunction bills.

IV. It was error to grant the injunction without limiting its existence to the acquisition of a right to dig and excavate as threatened. If appellants had no right to dig and excavate at the time the injunction was granted, they could easily have acquired the right by proceeding under chapters 52 and 42 of the Code. The order of injunction should have been ended in its operation by its own terms whenever that happened.

MAXWELL, J. This was an injunction to restrain the Chesapeake and Ohio Railroad Company and others, from using or operating certain telegraph wires placed upon the land of the plaintiff by the said defendant, and also to restrain the

238     COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,     Chesapeake & Ohio R. R. Co. vs. Patton.     1872

same parties from doing any work of any kind whatever, towards the construction of the Chesapeake and Ohio railroad on the said premises.

It is claimed, first, that it was error to grant the injunction because the bill was not sworn to before an officer authorized to administer an oath. The bill was sworn to before John Slack, clerk of the circuit court of Kanawha county, and the order awarding the injunction was addressed to the clerk of the circuit court of Fayette county, to operate in the last named county. By the sixth section of chapter 117 of the Code, p. 585, it is provided that, "A clerk of a court or his deputy may administer an oath in any case wherein an affidavit is necessary or proper."

But the counsel for the appellant say that this section does ot give to the clerk authority to administer the oath in this case, and cites *Williamson's case,* 4 Gratt., 554, where it was held that the authority of a clerk to administer an oath out of court only extends to cases in which, without regard to circumstances, the making the affidavit is a necessary prerequisite to the performance of the official act which the clerk is called upon to perform. The law in force at the time that decision was made, provided that, "The several clerks of courts of this commonwealth, and their deputies, shall be empowered to administer oaths in all cases wherein an affidavit is necessary as the foundation of any official act to be performed by such clerk," which was a wholly different provision from the present law, and the decision under it could not have been different from what it was. The authority of clerks to administer oaths must be held, under the present law, to extend to all cases wherein an affidavit is necessary, and therefore the affidavit in this case is made before an officer authorized to administer oaths.

The next assignment is, that it was error in the clerk to issue the writ with an endorsement until the injunction bond was approved by the clerk of the circuit court of Fayette county.

The injunction should not take effect until the bond is given, but if by accident it is made to take effect before, this is not sufficient error to warrant this court in reversing the order granting the injunction. The party ought to be allowed a reasonable time after his attention is called to the defect in

the bond, by rule or notice, in which to execute a proper bond, and on his failure to do so the injunction ought to be dismissed. Hilliard on Injunctions, p. 69; *Ghiselin* vs. *Ghiselin*, 5 Gill's Rep., 138; *Guerry* vs. *Durham*, 11 Georgia Rep., 9.

The third assignment is, that there are fatal defects in the bill itself, for which the injunction should not have been granted.

The bill, after describing the plaintiff's land, charges that the Chesapeake and Ohio railroad, an incorporated company for purposes of public utility and internal improvement, have, without the consent of the plaintiff or any authority whatever, but after written notice not to do so, entered upon, took possession, and have erected upon the said land telegraph poles with wires to the same; have removed or destroyed the fencing around the same. That they have entered upon the same, or are about to enter upon the same, for the purpose of excavating by digging and other means, a double track railroad for the use of the Chesapeake and Ohio railroad, through the same, to the great and irreparable damage to the plaintiff, of the same, and which is contrary to law, and is in palpable violation of the rights of the plaintiff as owner of the same. That the said Chesapeake and Ohio railroad have, in so doing, acted without the authority of law in failing to pursue the course provided by law, as authorized by chapter 42, pages 260 and 266 of the Code of West Virginia, for all of which unlawful and oppressive acts the plaintiff has sustained great damage, and will sustain greater damage and injury by the prosecution of the work aforesaid.

The bill is indefinite and uncertain in some of its material allegations. It charges that the Chesapeake and Ohio railroad (not railroad company) have without any authority entered upon, took possession and have erected upon the said land telegraph poles, &c. That they have entered upon the same, or are about to enter upon the same, for the purpose of excavating by digging and other means a double track railroad through the same, to the great and irreparable damage to the plaintiff of same, and which is contrary to law, &c. That the said Chesapeake and Ohio railroad (not railroad company) have, in so doing, acted without the authority of law in failing to pursue the course provided by law, &c.

The allegations in the bill are against the Chesapeake and Ohio railroad, and not against the Chesapeake and Ohio Railroad Company; but as the counsel for the company make no point on this defect, the effect of it will not be considered. So far as the bill charges the Chesapeake and Ohio Railroad Company with any act or acts, it charges that it entered upon and took possession of the plaintiff's land, and erected thereon telegraph poles, &c., without any authority. But the charge that the railroad " have entered upon the same, or are about to enter upon the same," is too uncertain when taken in connection with the charge in the bill, that the company has acted without the authority of law, and in the absence of any averment or charge in the bill that it is about to act further without authority of law. An injunction should not be granted for an act done and completed, though contrary to law, unless under peculiar circumstances. There is not in the bill any averment that the company, at the time the bill was filed, was transcending its authority, or was about to do so, or that said company was insolvent, or that it was doing, or about to do, any injury to the property of the plaintiff which could not be adequately compensated in damages. The order granting the injunction will therefore have to be reversed with costs to the appellant, and the bill dismissed.

The other judges concurred.

ORDER REVERSED and bill dismissed.