(91 South. 496)

**HOWELL v. SMITH.** (7 Div. 221.)

(Supreme Court of Alabama. Oct. 27, 1921. Rehearing Denied Nov. 17, 1921.)

1. Chattel mortgages ⬅235—Burden of proof on party alleging payment.

In suit in detinue for mortgaged property, where defendant pleaded payment, the burden of proof was upon him to establish such plea.

2. Trial ⬅217—Charge as to form of verdict not error.

In an action on a note and mortgage, a charge as to the form of the verdict if the jury found the issues in favor of plaintiff was not error.

3. Trial ⬅261—Refusing meaningless charge not error.

In an action on a note and mortgage, defendant's request for an instruction that was meaningless on account of the omission of several words was properly refused.

4. Trial ⬅252(4)—Refusing charge not supported by evidence proper.

In an action on a note and mortgage, the refusal of defendant's instruction that was not supported by the evidence was proper.

5. Appeal and error ⬅1060(1)—No reversible error in attorney's statement.

In an action in detinue on a note and mortgage, that plaintiff's counsel in a statement to the jury as to what he expected the evidence to show stated that plaintiff's money had gone into the case did not constitute reversible error.

6. Appeal and error ⬅724(1)—General assignment of error not considered on appeal.

A general assignment of error presents nothing for consideration on appeal.

7. Appeal and error ⬅1057(2)—Refusal to exclude evidence admitted by opposing party not reversible error.

In an action in detinue on a note and mortgage, where defendant admitted when testifying that much of the time during the transaction he "drank all he could get," no reversible error arose from the refusal to permit evidence that he was under the influence of whisky during the transaction.

8. Evidence ⬅376(2)—Receiving in evidence admitted account not error.

In detinue on a note and mortgage, defendant, in addition to the general issue, pleaded payment to H. of the mortgage debt, and, where the account showing debt from defendant to H. was offered in evidence by plaintiff, to which objection was made that it was inadmissible because not properly proven, and H. testified that he kept the account, and had handed it to defendant, who added up the figures and admitted it was correct, the objection was not well taken.

9. Trial ⬅133(6)—No reversible error in argument in view of action by court.

In trial in detinue, where counsel's argument was merely in answer to argument of opposing counsel, and on objection of defendant the court excluded, that portion of the statement which formed the basis of the objection, and no further reference was made thereto by defendant's counsel, no reversible error was shown.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Detinue by T. L. Smith against S. H. Howell, for the recovery of two mules. Judgment for the plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The following are the charges given for the plaintiff:

(1) The court charges the jury that, if there is anything due on the mortgage belonging to the plaintiff, and the defendant has not a set-off equal to or greater than the amount due on the mortgage, then your verdict should be for the plaintiff.

(2) The court charges the jury that the burden of proof is on the defendant, S. H. Howell, to establish his set-off to the reasonable satisfaction of the jury, and, unless the jury is reasonably convinced of this issue from the proof, then the jury cannot find for the defendant on this issue.

(3) The court charges the jury that the burden of proof is on the defendant, S. H. Howell, to show that the mortgage was paid under the plea of payment, and, unless this is proven to your reasonable satisfaction, then you cannot find for the defendant on this issue.

(4) The court charges the jury, if S. H. Howell did not pay the mortgage belonging to the plaintiff, or he has not a set-off equal to or greater than the amount due on said mortgage, then your verdict should be for the plaintiff.

(5) The court charges the jury that, unless the defendant paid the mortgage debt, or his set-off is equal to or more than $312.23, the verdict should be for the plaintiff.

(6) The court charges the jury that, unless at the time the mortgage sued on was transferred to the plaintiff, the same had been paid, or the defendant had a set-off equal to or greater than the amount due on said mortgage, then your verdict should be for the plaintiff.

(7) The court charges the jury that, if you find the issue in favor of the plaintiff, the form of your verdict may be as follows: "We, the jury, find the issues in favor of the plaintiff for the mule Mag and the mule Nell, and we find the value of Mag to be $—— and of the mule Nell to be $——, and the value of the detention to be $——, and we find the balance of mortgage debt to be $——."

The following are the charges refused to the defendant:

(2) The court charges the jury that the evidence offered in this case as to store transactions between Jim Howell and S. H. Howell that the evidence proper to be considered is that bearing upon the automobile sold by Jim Howell, the $50 note given by Jim Howell to S. H. Howell, and the cotton seed turned over by S. H. Howell to Jim Howell.

(3) The court charges the jury that, if you believe from the evidence that the cotton and cotton seed money testified about in this case was turned over to Jim Howell to be paid on Border's debt, and Jim Howell did not apply same on the Border's debt, but did apply same on the note involved in this suit, it would be your duty to find the issues in favor of defendant, S. H. Howell.

Charles F. Douglas, of Anniston, for appellant.

Counsel discuss the various assignments of error, but without citation of authority.

H. D. Logan, of Anniston, for appellee.

The burden was on the defendant to establish his plea of set-off in the court. 111 Ala. 194, 20 South. 514. Counsel discuss of other assignments of error, but without citation of authority.

GARDNER, J. Suit in detinue on mortgage by appellee against appellant.

A note and mortgage on certain personal property was executed by S. H. Howell to the City Bank & Trust Company, and transferred to J. A. Howell, who, after maturity, transferred the same to T. L. Smith. The latter brought this suit in detinue against S. H. Howell for recovery of the property, and said Howell, in addition to the general issue, pleaded payment to J. A. Howell of the mortgage indebtedness, and also set-off. Upon these issues disputed questions of fact arose, presented by the evidence of the two brothers, which was in sharp conflict. The trial resulted in a judgment for the plaintiff, from which the defendant prosecutes this appeal.

[1-4] Charges 1 to 7, given at the plaintiff's request, merely, in varying language, instructed the jury in substance that the burden of proof was upon the defendant to establish its plea of payment or plea of set-off, and were correctly given. Charge 7 for the plaintiff was but a form which the jury were to use in case they found the issue in favor of the plaintiff, and, clearly, in giving this charge there was no error. That the affirmative charge was not due either party to the cause is so evident as to need no discussion. Charge 2, refused to the defendant, is meaningless as the same appears in this record; there evidently being an omission of several words. The court properly refused the same. Charge 3, refused to the defendant, does not find support in the evidence, as we read it, without regard to any other defects. Indeed, as to these charges the brief of counsel scarcely rises to an argument thereon.

[5, 6] The fact that counsel for plaintiff in a statement to the jury as to what he expected the evidence to show stated that the plaintiff's money had gone into the case does not constitute reversible error. Under the heading "Sixth Proposition" counsel for appellant merely states that the court below allowed counsel for appellee to bring into the case matters concerning several transactions between the two Howells not involved in the issue, and this statement of counsel is, in substance, the same as the tenth assignment of error. It needs no discussion to disclose that so general an assignment of error presents nothing for consideration, and therefore needs no further treatment.

[7] Should it be conceded for the purpose of this case that it was competent to show J. A. Howell was under the influence of whisky much of the time during the transaction under consideration, yet there would be no reversible error in sustaining the ob-

jection which constitutes the eleventh assignment of error for the reason that J. A. Howell himself admitted, when testifying in the cause, that during this time he "drank all he could get," and that he "might have been drunk all the time during the fall."

[8] A certain account showing an indebtedness from S. H. Howell to J. A. Howell was offered in evidence by the plaintiff, to which objection was made on the ground it was inadmissible because it had not been properly proven. J. A. Howell kept the account, testifying in the cause that he handed the same to his brother, and defendant added up the figures, and admitted it was correct. This objection therefore was not well taken.

[9] It appears that the statement of counsel for appellee in his closing argument to the jury, which constitutes the thirteenth and fourteenth assignments of error, was merely an answer to the argument of opposing counsel, but, in addition to this, upon objection of defendant, the court excluded that portion of the statement which formed the basis of the objection, and no further reference was made thereto by defendant's counsel. Here no reversible error is shown.

The brief for appellant in arguing the action of the court in overruling the motion for new trial appears to be rested solely upon illegal argument of opposing counsel, which has just been treated, and that assignment therefore needs no further consideration.

We have here considered the several questions argued by counsel, and finding no reversible error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.