## THORNTON v. STATE. (6 Div. 326.)

(Court of Appeals of Alabama. Dec. 18, 1923. Rehearing Denied Jan. 15, 1924.)

1. **Bastards** &#9740;37—**Court must quash process where child was born more than 12 months before beginning of proceedings.**

If it appears from affidavit that child was born more than 12 months before beginning of bastardy proceedings under Code 1907, § 6364, court must quash process unless defendant in the meantime acknowledged or supported child.

2. **Bastards** &#9740;37—**Statute limiting time cannot be raised by motion to quash or demurrer.**

The statute limiting time for bringing complaint is defensive matter, and, unless appearing on face of complaint, cannot be raised by motion to quash or demurrer.

3. **Bastards** &#9740;44—**Officer's lack of authority in executing warrant immaterial where defendant appeared in court.**

That officer executing warrant in bastardy proceedings had no authority to arrest defendant outside of county without indorsement on warrant as required by Code 1907, § 6278, was immaterial when defendant appeared before the court.

4. **Bastards** &#9740;42—**Warrant in bastardy proceedings is not jurisdictional.**

A warrant in bastardy proceedings is not jurisdictional.

Appeal from Circuit Court, Jefferson County; Walter B. Jones, Judge.

Bastardy proceeding against Thomas Spurgeon Thornton. From a judgment finding him to be the father of the child, he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Thornton, 99 South. 838.

J. S. McLendon, of Birmingham, for appellant.

For failure of the affidavit and warrant to allege that the child was born within one year before the institution of the proceedings, the court of misdemeanors had no jurisdiction, and for the same reason the circuit court had no jurisdiction on appeal. Code 1907, § 6370; State v. Woodson, 99 Ala. 201, 13 South. 580. In the absence of an indorsement upon the warrant by a justice of the peace of Etowah county, the defendant was not legally arrested. Code 1907, § 6278; Phillips v. Morrow, 210 Ala. 34, 97 South. 130; Smotherman v. State, 140 Ala. 168, 37 South. 376.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1, 2] The complaint was made before the Jefferson county court of misdemeanors, a court having by statute the jurisdiction of justices of the peace, by Hattie Mooney, a single woman, alleging that she was delivered of a bastard child in Jefferson county, Ala., and accusing the defendant of being the father of such child. This was in strict accord with Code 1907, § 6364. If it should have appeared from the affidavit that the birth of the child had taken place more than 12 months before the beginning of the proceedings, it would have been the duty of the court to have quashed the process, unless it had also been made to appear that the defendant in the meantime acknowledged or supported the child. State v. Woodson, 99 Ala. 201, 13 South. 580. But the statute limiting the time for bringing the complaint is defensive matter and, unless it appears on the face of the complaint, cannot be raised by motion to quash or demurrer. The court's rulings on these questions were free from error.

[3, 4] Admitting that the officer executing the warrant had no authority to make the arrest of defendant in Etowah county without an indorsement on the warrant as required by Code 1907, § 6278, the time for testing that question passed, when defendant appeared before the Jefferson county court of misdemeanors. The warrant in this case is not jurisdictional and, whatever its defects or the defects of its execution, had served its purpose. The inferior court had the complaint and the defendant before it, and the objection to the regularity of the arrest was a mere quibble.

We find no reversible error in the record; and the judgment is affirmed.

Affirmed.