40 So.2d 887

### EMERGENCY AID LIFE ASS'N v. GAMBLE.

4 Div. 73.

Court of Appeals of Alabama.
March 22, 1949.

Rehearing Denied April 12, 1949.

Carl S. Farmer, of Abberville, and J. C. Fleming, of Elba, for appellant.

G. D. Halstead, of Headland, for appellee.

CARR, Judge.

This appeal follows a judgment below in favor of the plaintiff. The case is predicated on a life insurance policy.

The two assignments of error are grouped in argument in brief of appellant's counsel.

One of the assignments relates to the action of the trial court in refusing this written motion: "Comes the defendant and moves the court for the affirmative charge under Count one (1) of the complaint."

■ This is not equivalent to a request for the general affirmative charge. At most, it is only a written motion requesting the court to give the charge. It falls far short of being a tender of the instruction in due and legal form.

"Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written * * *." Title 7, Sec. 273, Code 1940.

■ We are not permitted to review on appeal the action of the court in denying to give instructions which are not tendered in writing. Osborn v. State, 30 Ala.App. 386, 6 So.2d 461; Henderson v. State, 137 Ala. 83, 34 So. 828.

■ The other assignment of error is predicated on the action of the trial judge in refusing appellant's charge number 2. A treatment of this question could be aptly pretermitted by the application of the rule which provides that in case two or more assignments of error are argued collectively in brief if any one of the assignments is without merit, a consideration of the others is not required. Sovereign Camp, W.O.W. v. Davis, 242 Ala. 235, 5 So.2d 480; Ogburn v. Montague, 26 Ala.App. 166, 155 So. 633.

This aside, we think the charge in question is subject to misleading tendencies.

It appears that an attempt was made to state the instruction in substantial counterpart to a charge that was approved in Birmingham Trust & Savings Co. v. Acacia Mut. Life Ass'n, 221 Ala. 561, 130 So. 327, 328. However, we note in the instant charge an omission of a very significant and meaningful word. In the case just cited supra the draftsman used this expression, "* * * and if plaintiff contends that he did not *so* come to his death * * *." (Emphasis ours.) In the case at bar the instruction in this particular reads, "* * * and if plaintiff contends that W. C. Gamble did not come to his death * * *." It is apparent that by the omission of the word "so" the charge is misleading. The undisputed proof discloses that Mr. Gamble, the insured, died from the effects of a gunshot wound.

■■ It should be noted that it is not reversible error for the court to give a charge which has misleading tendencies only. In that event, the opposing party is afforded an opportunity to request explanatory instruction. Evans v. State, 17 Ala. App. 141, 82 So. 625; Claude Jones & Son et al. v. Lair, 245 Ala. 441, 17 So.2d 577.

Clearly, the court will not be cast in error for refusing a charge which is misleading or is abstract.

It is ordered that the judgment of the court below be affirmed.

Affirmed.