100 So.2d 9

**A. P. BOLTON and Katherine W. Bolton**

v.

**BARNETT LUMBER & SUPPLY COMPANY.**

**6 Div. 849.**

Supreme Court of Alabama.

Jan. 23, 1958.

Geo. I. Case, Jr., and Ed. W. McDonald, Birmingham, for appellants.

Earl McBee, Birmingham, for appellee.

GOODWYN, Justice.

This is an appeal by two of the respondents below from a final decree rendered against them by the circuit court of Jefferson County, in equity, in a suit brought by appellee to establish and enforce a materialman's lien under Code 1940, Tit. 33, § 37 et seq.

Appellee insists that appellants' brief does not comply with Supreme Court Rule 10, Code 1940, Tit. 7 Appendix, p. 1008, superseded by Rule 9 of the Revised Rules of the Supreme Court, 261 Ala. XIX, XXII, and, for that reason, the case should be affirmed. This Rule, among others, was adopted to aid the court in considering the errors relied on for reversal. With respect to the Rule, both old and new, and old Rule 11 (Revised Rule 10), prescribing the manner of preparing the appellant's and appellee's briefs, we have said that "they were designed to serve useful and practical purposes, to enable this court to determine from the briefs of counsel whether there was error in proceedings in the court below, without making it necessary to explore the entire record. Schmale v. Bolte, 255 Ala. 115, 117, 50 So.2d 262; Stanley v. Beck, 242 Ala. 574, 577, 7 So.2d 276; New York Life Ins. Co. v. Mason, 236 Ala. 44, 49, 180 So. 775, at page 780 "

■ We see no reason why there should be any real difficulty in complying with these rules. However, we have held that they are directory and if appellant's brief, even though not in compliance with the rule, fairly and helpfully makes the points upon which appellant relies, this court may, in its discretion, consider it. Edge v. Bice, 263 Ala. 273, 275, 82 So.2d 252; Quinn v. Hannon, 262 Ala. 630, 633, 80 So.2d 239; Simmons v. Cochran, 252 Ala. 461, 463, 41 So.2d 579. While an order of affirmance might, with justification, be entered for insufficient compliance with the rule, we prefer to exercise our discretion in the matter and give consideration to appellants' brief. But appellee further insists that no reference is made in the brief proper to a single assignment of error and that this failure constitutes a waiver of all the assignments of error; and that if the inclusion of the assignments of error in the "forepart" of the brief should serve to avoid a waiver, then they should be given consideration under the rule of review applicable when assignments of error are argued in bulk. We will not treat all the assignments as waived, but see no escape from treating them as argued in bulk. This court has consistently held that "where several assignments of error are grouped and argued together in brief, and one is found to be without merit, the court will not consider the others." First National Bank of Birmingham v. Lowery, 263 Ala. 36, 41, 81 So.2d 284, 287; Gulf M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449; Taylor v. Taylor, 251 Ala. 374, 37 So. 2d 645; Moseley v. Alabama Power Co., 246 Ala. 416, 21 So.2d 305; Sovereign Camp W. O. W. v. Davis, 242 Ala. 235, 5 So.2d 480; Morgan-Hill Paving Co. v. Thomas, 223 Ala. 88, 134 So. 480. The rule permitting several assignments of error raising kindred questions to be presented under the same argument (Moseley v. Alabama Power Co., supra) is not applicable to this case.

■ One of the assignments of error goes to the sufficiency of the statement of lien filed pursuant to Code 1940, Tit. 33, §

41. The insistence, as we understand it, is that the statement is not properly verified. With this we are unable to agree. Accordingly, in conformity with the stated rule of review, we will limit our discussion to this one question.

Section 41, Tit. 33, supra, provides that "it shall be the duty of every person entitled to such lien to file in the office of the judge of probate of the county in which the property upon which the lien is sought to be established is situated, a statement in writing, verified by the oath of the person claiming the lien, or some other person having knowledge of the facts" and that "unless such statement is so filed the lien shall be lost." It is also provided that "said verified statement may be in the following form, which shall be deemed sufficient: (setting out the form)." A comparison of the statement filed by appellee with the statutory form shows that an assiduous effort was made to follow the latter. The statement filed by appellee, in pertinent part, is as follows:

"Barnett Lumber & Supply Company, A Corporation, files this statement in writing, verified by the oath of Mr. L. J. Holliday, who has personal knowledge of the facts herein set forth:

\* \* \* \* \* \*

"Barnett Lumber & Supply Company
By L. J. Holliday (Signed)
President

"Before me, Rhonwyn Crawford, a Notary Public in and for the County of Jefferson, State of Alabama, personally appeared Mr. L. J. Holliday as President of Barnett Lumber & Supply Company, a Corporation, who being duly sworn doth depose and say that he has personal knowledge of the facts set forth in the foregoing statement of lien and that the same are correct to the best of his knowledge and belief.

"Subscribed and sworn to before me on this the 7th day of May 1952, by said affiant.
"Rhonwyn Crawford (Signed)
Notary Public"

Clearly, the verification of the statement of lien is in substantial, if not in full, compliance with the statute. See Hancock v. Taylor, 246 Ala. 521, 524, 21 So.2d 308; Powers v. Grayson, 215 Ala. 33, 34, 109 So. 164; Long v. Pocahontas Coal Co., 117 Ala. 587, 590, 23 So. 526; Leftwich Lumber Co. v. Florence Mutual B. L. & S. Ass'n, 104 Ala. 584, 594, 18 So. 48.

The decree appealed from is due to be affirmed. So ordered.

Affirmed.

LAWSON, SIMPSON and MERRILL, JJ., concur.