109 So.2d 684

### DUDLEY BROTHERS LUMBER COMPANY

v.

### H. A. LONG, d/b/a Long Plumbing and Electric Company.

### 4 Div. 986.

Supreme Court of Alabama.

Feb. 19, 1959.

Paul J. Miller, Jr., Phenix City, for appellant.

J. C. Perdue, Jr., Cornett & Perdue, Phenix City, for appellee.

LAWSON, Justice.

This suit was brought in the Circuit Court of Russell County by H. A. Long, doing business as Long Plumbing and Electric Company, against Dudley Brothers Lumber Company. The complaint contained two counts, each claiming $682.50, together with a materialman's lien against separate parcels of land.

The jury returned a verdict in favor of plaintiff in the sum of $1,000 plus interest. There was a judgment for the plaintiff and against the defendant in the sum of $1,090. From that judgment the defendant appealed to the Court of Appeals, in which court the cause was submitted on November 6, 1958. On January 26, 1959, the case was transferred to this court.

In the brief filed here on behalf of appellant no attempt has been made to relate the argument contained in the brief to any of the assignments of error. The argument as we understand it purports to cover all of the assignments of error in bulk.

The appellate courts of this state have written on several occasions to the requirements of briefs in civil cases necessary to invite our review. See Snellings v. Jones, 33 Ala.App. 301, 33 So.2d 371; Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568.

It is to be noted that Supreme Court Rule 9, Code 1940, Tit. 7 Appendix, "Appellant's Brief; How Prepared," requires, among other things:

"* * * (c) under the heading 'Propositions of Law,' a concise statement, without argument, of each rule or proposition of law relied upon to sustain *the errors assigned,* together with the authorities relied upon in support of each, and in citing cases, the names of parties must be given, with the book and page where reported; (d) argument with respect to *errors assigned* which counsel desire to insist upon. * * *" (Emphasis supplied.)

■ As stated in New York Life Ins. Co. v. Mason, 236 Ala. 44, 180 So. 775, this rule was designed to enable the court to determine from the briefs themselves whether there was error below. Merely listing the numbers of the assignments of error, without more, as was done in the brief now being considered, affords no basis for an understanding of the issues and alleged errors involved. Where a brief does not direct the attention of the court to what is deemed error, an appellate court is not required to search the record and cast about for errors not clearly specified in the brief. Morton v. Clark, 10 Ala.App. 439, 65 So. 408.

It is clear that actually no assignments of error can be deemed to have been specified in appellant's brief by merely listing sixteen numbers.

Be that as it may, assignments of error 3 and 4, as they appear in the record, relate to alleged errors in the court's oral instructions. Portions of appellant's bulk argument relate to these alleged erroneous instructions.

■ A reading of the record discloses that no exceptions were reserved to the court's instructions. There is nothing, therefore, before us to review in this record. Casino Restaurant v. McWhorter, 35 Ala.App. 332, 46 So.2d 582; Pierce v. Floyd, 38 Ala.App. 439, 86 So.2d 658; Lackey v. Lackey, 262 Ala. 45, 76 So.2d 761; Self v. Baker, 266 Ala. 572, 98 So.2d 10. These assignments are therefore without merit, even had they been properly specified in the brief.

■ Other assignments of error which are argued in bulk are to the effect that the trial court erred in failing to exclude the plaintiff's testimony after he had rested his case. These assignments are like-

wise without merit. The rule in respect to a motion by the defendant to exclude all of the plaintiff's evidence in a civil case is that the trial court will not be put in error for refusing the motion, nor will it be put in error for granting it if the evidence does not make out a prima facie case. Mt. Vernon-Woodberry Mills v. Little, 222 Ala. 605, 133 So. 710; Johnson v. Shook & Fletcher Supply Co., 245 Ala. 123, 16 So.2d 406; Carter v. City of Gadsden, 264 Ala. 544, 88 So.2d 689.

Other assignments of error which are argued in bulk are those similar to Assignment of Error 11, which reads: "The Court is in error in that the verdict of the Jury and the Court is contrary to the law and the evidence in the case." Such assignments of error present nothing for review. They do not allege error for failure to grant the motion for a new trial, nor do they allege error by the trial court in any respect. This court has repeatedly held that only adverse rulings of the trial court are subject to assignment of error on appeal from a judgment in a civil case based on a jury verdict. Morris v. Yancey, 267 Ala. 657, 104 So.2d 553, and cases cited.

The argument being in bulk, and it being clear that the above-mentioned assignments are without merit, consideration of the other attempted assignments is pretermitted. Emergency Aid Life Ass'n v. Gamble, 34 Ala.App. 377, 40 So.2d 887; Milwaukee Mechanics Ins. Co. v. Maples, 37 Ala.App. 74, 66 So.2d 159; Wyatt v. City of Birmingham, 37 Ala.App. 579, 72 So.2d 735.

In view of the above discussion, it is our opinion that this judgment is due to be affirmed and it is so ordered.

Affirmed.

STAKELY, GOODWYN and MERRILL, JJ., concur.