154 So.2d 32

Mrs. James S. CALLAHAN, Sr.

v.

James L. BOOTH, Jr.

6 Div. 894.

Supreme Court of Alabama.

May 30, 1963.

Ross, Ross & Ross, Bessemer, and W. A. Stevenson, Birmingham, for appellant.

Rives, Peterson, Pettus & Conway, Birmingham, for appellee.

MERRILL, Justice.

This appeal is from a judgment for the defendant in a case arising out of a collision of two automobiles.

On Saturday, September 24, 1960, shortly after 3:00 P.M., appellee, James L. Booth, Jr., was driving north on U. S. Highway No. 11, proceeding from his home in Northport, along with his wife, to visit Mrs. Booth's mother who was then a patient in a Birmingham hospital. When he was 1,000 feet inside the city limits of Bessemer, his automobile collided with a vehicle in which the appellant, Mrs. Callahan, was riding, as it turned left to cross the path of Mr. Booth's oncoming vehicle.

The place where the collision occurred was on a four lane highway which was separated by a parkway thirty-two feet wide. The Skyview Estates road intersected the highway from the east and the parkway was separated by a paved cross-over area to enable south-bound traffic to cross over and enter the Skyview Estates road.

Appellee had been driving about 55 miles per hour as he was going north and he passed a "reduce speed ahead" sign and began to decelerate. He was driving in the right-hand lane for north-bound traffic at about 40 to 45 miles an hour when he first saw the Callahan car. Mrs. Callahan was a passenger in a car driven by her husband. He turned left into the cross-over so as to enter the Skyview Estates road. He testified that he came to a stop in the cross-over area, saw no traffic approaching, and drove across the north-bound traffic lane at a speed 10 to 15 miles an hour. When appellee saw the Callahan car crossing the highway in front of him, he swerved to the left and hit his brakes, but struck the right rear side of the Callahan car. The investigating police officer found 57 feet of tire marks leading up to the point of collision, and 64 feet past the point of collision, which were made by appellee's car.

Appellant has apparently argued forty-six of seventy assignments of error. We have grouped them into six sections and will discuss the points raised in appellant's brief where the assignments of error were also grouped and argued.

The first group charges that the trial court erred in sustaining objections to questions propounded to officer Wilson, who investigated the accident, as to average brake-reaction time and the distance traveled during that time and the average re-action time of persons confronted with an emergency.

Not only were some of the questions improperly worded, but officer Wilson was not shown to be an expert in this particular field and his testimony admits that he did not have all the necessary "factors to work with" in attempting to answer the questions.

The inquiry as to the competency of a witness to testify as an expert is addressed to the sound discretion of the trial court, whose decision on the evidence will not be disturbed on appeal except for palpable abuse. Dorsey Trailers v. Foreman, 260 Ala. 141, 69 So.2d 459; Johnson v. Battles, 255 Ala. 624, 52 So.2d 702. We cannot say there was any abuse of discretion in the rulings of the court in the instant case.

The second group charges that the court erred in refusing to admit evidence of tests, experiments and observations made at the scene of the accident some days after the accident occurred. These assignments of error were 9 and 10. But they are argued in brief with 52 and 70, which are not related. No. 52 charges that the court erred in sustaining the objection to the following question to officer Wilson: "From the picture, would you place the impact on the back two feet of the automobile?" It is elementary that the picture of the automobile showing clearly where the fender was crushed or bent spoke for itself and required no interpretation for the jury. The record shows that the picture was already in evidence when the question was asked.

An ordinary photograph is the best evidence of what is shown thereby, and parol evidence is generally inadmissible to prove what is shown by a photograph. 32 C.J.S. Evidence § 792f, p. 722. Clearly, assignment of error 52 is without merit.

Where unrelated assignments of error are argued together and one is without merit, the others will not be considered. N. A. A. C. P. v. State, 274 Ala. 544, 150 So.2d 677, and cases there cited. Nothing is left for our review in this group.

The third group charges error in the giving of ten written charges at the request of the defendant. These assignments are argued together. Even though they are all charges, they are not related as to subject matter. Some dealt with proximate cause, some with rules of the road and one with the burden of proof. There was no merit in the objection to charge 6, which reads:

"The Court charges the jury that if after a full and fair consideration of all the evidence in this case, there is any member of the jury who is not reasonably satisfied from the evidence that the plaintiff is entitled to recover a verdict against the defendant, then, in such event, you cannot return a verdict in favor of plaintiff and against the Defendant, Mr. Booth."

This was a good charge and was properly given. Louisville & N. R. Co. v. Steverson, 220 Ala. 158, 124 So. 205; Anderson v. Mizell, 39 Ala.App. 26, 93 So.2d 168. We are constrained to apply the same rule to this group as we applied to the second group, and therefore, we do not consider any of the other charges.

The fourth group charges error in giving these same charges because it is argued that they present the question of contributory negligence on the part of Mrs. Callahan and she, being a passenger, could not

be guilty of contributory negligence in the absence of some evidence showing that she was.

■ Once again, we must hold that we cannot consider this group because the charges are not related and we have shown that the assignment of error as to number 6 is without merit. We further observe that charge number 5, one of the group made the basis of an assignment of error, is a good charge. It reads:

"The Court charges the jury that you should not allow any type of sympathy, prejudice or bias to influence your verdict in this case but your verdict should be based solely upon the evidence introduced in the case and the law applicable to the case as given to you by the Court."

The fifth group includes assignment of errors 12, 13, 14, 67 and 68. They are concerned with the court's rejection of a chart of mathematical calculations prepared by counsel for appellant which showed the feet traveled per second at speeds from 5 to 90 miles per hour, in multiples of 5. For example, the chart showed that a vehicle going 30 miles per hour would go 44 feet per second, while one going 60 miles per hour would go 88 feet per second. The trial court ruled that the chart was not admissible in evidence but could be used in argument, and counsel did make such argument to the jury.

■ The court takes judicial knowledge of simple mathematical calculations, and it is common knowledge that there are 5,280 feet in a mile, 60 minutes in an hour and 60 seconds in a minute, and given the miles per hour a vehicle is traveling, it is a simple mathematical calculation to determine the number of feet per second the vehicle traveled. The trial court did not err in ruling that the chart was not admissible, but had there been error in the ruling, appellant was not prejudiced because the figures, calculations and distances from the chart were used in argument to the jury. Supreme Court Rule 45.

The final section deals with the refusal of the trial court to grant the motion for a new trial. The effect of the argument in this section is that the verdict was contrary to the weight and preponderance of the evidence.

■ Verdicts are presumed to be correct, and no ground of a motion for a new trial is more carefully scrutinized than that the verdict is contrary to the weight of the evidence, and the refusal to grant a new trial by the trial court, sought on such grounds, serves to strengthen the presumption in favor of the correctness of the verdict. Smart v. Wambles, 271 Ala. 651, 127 So.2d 611, and cases there cited.

■ A careful review of the evidence reveals that there was testimony, which if believed by the jury, would justify the verdict, and under such circumstances the motion for a new trial was properly overruled.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.