154 So.2d 663

**RAPHAEL PER L'ARTE, INC. et al.**

**v.**

**Ethel W. LEE.**

**6 Div. 856.**

Supreme Court of Alabama.

May 30, 1963.

Gordon & Cleveland, Birmingham, and E. Ray Acton, Homewood, for appellants.

Barber & Johnston, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a decree of the Circuit Court of Jefferson County, Alabama, in Equity, denying motions of the respondents below to discharge and dissolve a temporary injunction. The injunction arose out of the following facts:

Complainant, Ethel W. Lee, appellee here, filed a verified bill of complaint in equity alleging that she owned 38 of the 100 shares of the corporate respondent, Raphael Per L'Arte, Inc.; that respondent, Raphael Coppola, owned 60 shares, and that Ray Acton and Don Bailey (respondents below but not parties to this appeal) owned one share each. The bill alleged fraud on the part of respondent Coppola, arising out of misrepresentations that induced complainant to purchase her stock. Complainant, by her bill, sought an accounting by respondent Coppola to the corporation, the dissolution of the corporation, appointment of a receiver to take over its business, a temporary injunction limiting the scope and activities of the corporation pendente lite, and an impounding of the corporate books and records. On February 22, 1962, the temporary injunction prayed for was issued. Respondents filed a motion to discharge the injunction and a motion to dissolve it, both of which were denied. From the decree of the court denying these motions, this appeal was perfected.

In the brief filed by appellant, no attempt has been made to relate the argument contained in the brief to any of the assignments of error. As we understand it, the errors assigned are argued in bulk. No assignment of error is ever mentioned or referred to in brief. We have examined and compared at great length the errors assigned by appellant and the propositions of law and argument set forth in appellant's brief, and the lack of continuity between them. We have, in an effort to be as fair as possible to appellant, undertaken to correlate his assignments of error and his argument. However, we have been unable to do so with any degree of certainty.

Supreme Court Rule 9, Code of Alabama 1940, Title 7, Appendix, which is entitled

"Appellant's Brief; How Prepared," requires, among other things:

"* * * (c) under the heading 'Propositions of Law,' a concise statement, without argument, of each rule or proposition of law relied upon *to sustain the errors assigned*, together with the authorities relied upon in support of each, and in citing cases, the names of parties must be given, with the book and page where reported; (d) *argument with respect to the errors assigned* which counsel desire to insist upon. * * *" (Emphasis supplied.)

In the case of Dudley Brothers Lumber Co. v. Long, 268 Ala. 565, 109 So.2d 684, this court considered a case in which the appellants had, in brief, referred to the assignments of error by page numbers only. In that case, the court stated:

"As stated in New York Life Ins. Co. v. Mason, 236 Ala. 44, 180 So. 775, this rule [Supreme Court Rule 9] was designed to enable the court to determine from the briefs themselves whether there was error below. Merely listing the numbers of the assignments of error, without more, as was done in the brief now being considered, affords no basis for an understanding of the issues and alleged errors involved. Where a brief does not direct the attention of the court to what is deemed error, an appellate court is not required to search the record and cast about for errors not clearly specified in the brief. Morton v. Clark, 10 Ala.App. 439, 65 So. 408." See also Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465; Schneider v. Southern Cotton Oil Co., 204 Ala. 614, 87 So. 97; and Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568.

██ In the case of Bolton v. Barnett Lumber & Supply Co., 267 Ala. 74, 100 So. 2d 9, this court was confronted with a case quite similar to the instant one. The only quite similar to the instant one. The only

substantial difference was that in that case the assignments of error were set out in the forepart of the brief, but were not mentioned in the argument. In the instant case, they were neither set out nor mentioned. In that case, the court stated that an order of affirmance might, with justification, be entered for insufficient compliance with Supreme Court Rule 9, supra. There, however, the court saw fit to go further and consider the argument. In so doing, the court said:

"* * * We will not treat all the assignments as waived, but see no escape from treating them as argued in bulk. This court has consistently held that 'where several assignments of error are grouped and argued together in brief, and one is found to be without merit, the court will not consider the others.' First National Bank of Birmingham v. Lowery, 263 Ala. 36, 41, 81 So.2d 284, 287; Gulf M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645; Moseley v. Alabama Power Co., 246 Ala. 416, 21 So.2d 305; Sovereign Camp W. O. W. v. Davis, 242 Ala. 235, 5 So.2d 480; Morgan-Hill Paving Co. v. Thomas, 223 Ala. 88, 134 So. 480. * * *"

The foregoing rule has application here.

Appellant's assignment of error No. 4 reads:

"The court erred in requiring only a ONE THOUSAND AND NO/100 ($1,000.00) DOLLARS, bond for the issuance of the temporary injunction."

This position is clearly untenable. The injunction bond in question was required and posted under Title 7, Sec. 1043, Code of 1940, which reads, in part, as follows:

"Bond on injunction in other cases.—In other cases, the party must give bond with surety, *in such sum as the officer granting the application directs*, payable to the party against

whom the application is granted, * * *." (Emphasis supplied.)

 While the inadequacy of an injunction bond seems not to have been considered in this state, it is the settled rule elsewhere that the terms of the bond are within the discretion of the court, and the statute above quoted seems in perfect accord.

In High on Injunctions, 4 Ed., Vol. II, Sec. 1620, p. 1575, we find the following statement:

"* * * But in the absence of any statute prescribing the conditions of the bond, it rests in the discretion of the court to fix the terms upon which the relief may be granted, * * *." (cases cited)

 If the court's discretion embraces the terms of the bond, the amount of the bond must be discretionary. This obviously would vary from case to case, and no one would be in a better position than the trial judge to determine a fair and just bond. In the instant case, we find no evidence to support a contention that the trial judge abused his discretion in setting the bond at $1,000.

In addition to the above, High on Injunctions, supra, further says in Sec. 1622, p. 1577:

"Insufficiency of the bond does not of itself constitute ground for a dissolution of the injunction in the first instance, but a reasonable time should be allowed for filing a new bond, the injunction meanwhile continuing in force. Indeed, a motion to dissolve, based on the inadequacy of the bond, would seem to be not well founded, when there is no suggestion that complainant is insolvent and unable to respond individually in damages, since it is always competent for the court to require additional security. * * *"
See Beauchamp v. Board of Supervisors, 45 Ill. 274; Gamble v. Campbell, 6 Fla. 347; Chesapeake & O. R. Co. v. Patton, 5 W.Va. 234; Crawford v. Paine, 19 Iowa 172.

Having demonstrated that assignment of error No. 4 is without merit, the other assignments argued in bulk with it will not be considered. Authorities, supra.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.