156 So.2d 725

**David RATLIFF**

v.

**Lillian RATLIFF.**

**6 Div. 997.**

Supreme Court of Alabama.

Sept. 26, 1963.

I. D. Jeffrey, Birmingham, for appellant.

Lowe & Williams, Birmingham, for appellee.

HARWOOD, Justice.

This is an appeal from a decree of divorce rendered against the appellant, who, after personal service, filed no pleadings in the proceedings below.

In his brief, counsel for appellant, under "Statement of Facts" sets forth:

"This is a divorce proceeding filed on January 7th, 1963; at the same time a Motion for reference was filed in said cause as a part of the proceeding and set for hearing on Friday, January 11, 1963, at 9:30 A.M.

"Respondent by and through his solicitor, appellant here, appeared in open court and consented to the Motion being granted, with request and assurance that he be notified before any further proceedings were had. There was also a discussion about a possible settlement.

"There was a decree pro confesso rendered, testimony taken and submitted to the Court and a final decree rendered on March 7th, 1963 without any notice to or Knowledge of the respondent, appellant here, or his solicitor."

On the other hand counsel for the appellee state in their brief that there was no appearance by respondent at any time in the proceedings below, nor was there any agreement between counsel as to any steps to be taken therein.

On its face this record is regular.

We cannot consider any agreement that may or may not have been made between counsel unless the same be reduced to writing and signed. Supreme Court Rule 20.

Further, counsel for appellant has in argument grouped all but one of his assignments of error with other assignments. In each of these groupings at least one or more of the assignments are faulty or palpably without merit. Where any one of the unrelated assignments grouped for

argument is without merit, other assignments in the group will not be considered.

The one assignment argued separately (Assignment 3) does not assert error on the part of the court, but complains of the insufficiency of the signature to the "Motion for Decree Pro Confesso on Personal Service." This did not involve any ruling by the court, and presents nothing for our review.

Affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur.