171 So.2d 114

**ASSOCIATES DISCOUNT CORPORATION**

**v.**

**BIG THREE DODGE, INC., et al.**

**I Div. 184.**

Supreme Court of Alabama.

Jan. 21, 1965.

Mylan R. Engel, Mobile, for appellant.

Lyman F. Holland, Jr., Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellee Big Three Dodge.

J. Terry Reynolds, Jr., Wm. R. Lauten, Kearley & McConnell, Mobile, Richmond M. Flowers, Atty. Gen., Willard R. Livingston, and Jas. R. Payne, Asst. Attys. Gen., for appellee claimants.

MERRILL, Justice.

This appeal is from orders and decrees which refused the claim of appellant for a lien or preferred priority on and in the money in the hands of the receivers of Big Three Dodge, Inc.

Big Three Dodge, Inc., sold automobiles and appellant, Associates Discount Corporation, was in the business of floor planning automobiles for it, and the floor planning was done through the use of trust receipts authorized under the Uniform Trust Receipts Act, Tit. 39, §§ 191(4)–191(22), Code 1940, as amended.

The trust receipts involved were three party trust receipts on new automobiles. When Big Three Dodge purchased an automobile from Chrysler Motor Corporation, that automobile was paid for by a cash draft from appellant to Chrysler and Big Three Dodge would execute a trust receipt payable to appellant for the amount owed on the particular automobile.

Appellant had filed a statement of trust receipt financing with the Alabama Secretary of State as required by the Act and was qualified to do business in the State.

Appellant claimed a lien and preference under the Uniform Trust Receipts Act for $30,181.81, which was the approximate amount of money on hand in the receiver-ship estate. Big Three Dodge owed appellant more than that, but the claim of lien and preference was based upon the sale of fourteen automobiles "out of trust" and the failure of Big Three Dodge to redeem the trust receipts for these automobiles.

The trial court ruled that appellant could participate proportionately as a preferred creditor in all funds in the general bank account of Big Three Dodge at the time of the appointment of the receivers; but it denied appellant's claim of lien, and granted priority to the claims for taxes of the State, the County and the Internal Revenue Service, and allowed claims for rental of premises as costs of administration. Appellant appealed, contending that it had a lien on the proceeds and a priority over the other claimants.

We do not reach the merits of the controversy. There are 38 assignments of error and the record is in three volumes, totaling 1,380 pages. There is no reference made to any assignment of error in the argument section of appellant's brief. Appellees strenuously insist that appellant's contentions cannot be considered.

We have held that where no reference is made to any assignment of error in appellant's brief, the brief is insufficient to justify our consideration of the assignments of error. Reynolds v. Henson, 275 Ala. 435, 155 So.2d 600; Packard v. Gulf Development Co., 274 Ala. 126, 145 So.2d 805; Boles v. Bonner, 267 Ala. 342, 101 So.2d 544; Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465.

■■ Where no assignments of error are mentioned in brief, they must be considered to be argued in bulk. Raphael Per L'Arte, Inc. v. Lee, 275 Ala. 307, 154 So.2d 663; Bolton v. Barnett Lumber & Supply Co., 267 Ala. 74, 100 So.2d 9; Dudley Bros. Lumber Co. v. Long, 268 Ala. 565, 109 So.2d 684. And where several unrelated assignments of error are grouped and argued together in brief, and one is found to be without merit, the court will not consider the others. Ratliff v. Ratliff, 275 Ala. 560, 156 So.2d

**408**

725; Callahan v. Booth, 275 Ala. 275, 154 So.2d 32; 2A Ala.Dig., Appeal & Error, ☞736.

 Assignment of error 8 charges that the court erred in refusing appellant a lien and preference of $42,000. But the record affirmatively shows that appellant waived any claim of priority to any sum in excess of $30,181.81. Obviously, assignment 8 is without merit and it is not related to other assignments of error. Since all assignments of error were considered as argued in bulk, and one unrelated assignment was without merit, none will be considered.

 Appellee Uniform Rental Service, Inc. has cross-assigned error as follows:

"1. The Court erred in decreeing that Associates Discount Corporation be allowed to participate proportionately as a preferred creditor with Uniform Rental Service, Inc., in all funds which were in the general bank account of Big Three Dodge at the First National Bank of Mobile at the time of the appointment of the receivers."

We are constrained to leave these two parties as they were situated by the trial court. In appellee's brief in support of its cross-assignment of error, no evidence is cited or stated to show that Uniform Rental Service was entitled to any priority or of what its claim consisted, or how it arose. The brief is strong in its argument against appellant's claim, but there is no discussion of facts or the merits of the claim of Uniform Rental Service.

It is established that, on appeal, a presumption should be indulged in favor of the conclusion of the trial judge, who sees and hears the witnesses when the evidence is in conflict. State v. Joe H. Brady & Associates, 264 Ala. 397, 87 So.2d 852; and a trial court in an equity suit will not be reversed, where the presumption of the correctness of its findings has not been overcome. Marsh v. Cheeseman, 221 Ala. 390, 128 So. 796. Applying these principles to the cross-assignment of error, the decree is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.