187 So.2d 228

**PIPER ICE CREAM COMPANY et al.**

v.

**MIDWEST DAIRY PRODUCTS COR-PORATION et al.**

6 Div. 850.

Supreme Court of Alabama.

March 3, 1966.

Rehearing Denied June 16, 1966.

472

Cabaniss & Johnston, Drayton T. Scott and K. E. Cooper, Birmingham, for appellants.

Pritchard, McCall & Jones, Victor H. Smith and A. W. Jones, Birmingham, for appellees.

LAWSON, Justice.

This is an appeal from a final decree of the Circuit Court of Jefferson County, in Equity.

The "Statement of the Case" in appellants' brief reads:

"Appellants Piper Ice Cream Company, Inc. and Hilton A. Piper brought suit in the court below seeking an injunction against appellees for using the trade names 'Piper' and 'Bouquet' and for dam-ages for breach of a contract entered into between these appellants and the appellees, and for an accounting. Appellees by cross bill sought an injunction restraining appellants from using the trade name 'Piper'; from competing with appellees because of an agreement in the contract in suit, and for damages. The lower court granted a temporary injunction which was made permanent in the final decree, enjoining appellants from use of the trade names 'Piper' and 'Bouquet' and enjoining Piper Ice Cream Company, Inc. and Hilton A. Piper from competing until March 27, 1963, and denying relief to appellants except as to an accounting for monies due under the contract."

Appellees, in their brief, insist that the decree should be affirmed on the ground that appellants' brief fails to comply with Supreme Court Rule 9, in that it does not contain "a condensed · recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely * * *" Supreme Court Rule 9. Appellees also insist, in effect, that appellants' brief is also deficient in that it does not comply with subsection (d) of Supreme Court Rule 9, which requires that an appellant's brief contain "argument with respect to errors assigned which counsel desire to insist upon."

In a reply brief counsel for appellants seek to meet the requirements of subsection (d), supra, by pointing out the assignments of error which each of their propositions of law was intended to cover. But the reply brief cannot be looked to in order to determine whether appellants' original brief complies with Supreme Court Rule 9. See Lunney v. Southern Ry. Co., 272 Ala. 611, 133 So.2d 247; Alabama Equipment Co. v. Ewin, 274 Ala. 308, 148 So.2d 209.

We cannot determine, after repeated readings of appellants' original brief,

whether the appellants are actually contending that the evidence was insufficient to sustain the trial court's decree. If so, then their brief is certainly lacking, for there was no attempt made to set out a "condensed recital of the evidence given by each witness * * *," as required by Supreme Court Rule 9. We lay that question aside as unnecessary in view of the conclusion which we have been constrained to reach in regard to appellees' insistence, in effect, that appellants' original brief fails to comply with the requirements of subsection (d) of Supreme Court Rule 9.

There are eighteen assignments of error. No reference is made to any of them in appellants' original brief. We have held this to be insufficient to justify our consideration of the assignments of error. Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465; State v. Southland Hatchery, 253 Ala. 449, 45 So.2d 302. We have frequently pointed out that a brief is insufficient which contains some general propositions of law, but which fails to make specific application to the ruling assigned as error, as the Court cannot be put to a search for error not specifically assigned and argued in brief. Schneider v. Southern Cotton Oil Co., 204 Ala. 614, 87 So. 97; Suits v. Glover, supra; Shelby County v. Hatfield, 264 Ala. 488, 88 So.2d 842; Reynolds v. Henson, 275 Ala. 435, 155 So.2d 600.

We have also said that where no assignments of error are mentioned in brief, they must be considered to be argued in bulk. Associates Discount Corp. v. Big Three Dodge, Inc., 277 Ala. 406, 171 So.2d 114; Raphael Per L'Arte, Inc. v. Lee, 275 Ala. 307, 154 So.2d 663; Bolton v. Barnett Lumber & Supply Co., 267 Ala. 74, 100 So.2d 9; Dudley Bros. Lumber Co. v. Long, 268 Ala. 565, 109 So.2d 684. And where several unrelated assignments of error are grouped and argued together in brief, and one is found to be without merit, the court will not consider the oth-

ers. Ratliff v. Ratliff, 275 Ala. 560, 156 So.2d 725; Callahan v. Booth, 275 Ala. 275, 154 So.2d 32; Associates Discount Corp. v. Big Three Dodge, Inc., supra. Assignments of error 16, 17 and 18 are all to the effect that the trial court erred in overruling appellants' application for rehearing. Under our uniform holdings, these assignments are without merit. Equity Rule 62; Phillips v. Phillips, 277 Ala. 2, 166 So.2d 726; Taylor v. State ex rel. Adams, 275 Ala. 430, 155 So.2d 595; National Association for Advancement of Colored People v. State, 274 Ala. 544, 150 So.2d 677, and cases cited. Since all assignments of error, some of which are not related, must be considered as argued in bulk, and some are clearly without merit, none can be considered. Associates Discount Corp. v. Big Three Dodge, Inc.; supra.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.