191 So.2d 516

**M. C. ZANATY**

v.

**William J. HAGERTY et al.**

**6 Div. 144.**

Supreme Court of Alabama.

Oct. 27, 1966.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

W. S. Pritchard, Jr., Victor H. Smith, Pritchard, McCall & Jones, Birmingham, for appellees.

LAWSON, Justice.

This is an appeal from a final decree of the Circuit Court of Jefferson County, in Equity.

At the outset, appellees insist upon their motion to dismiss or affirm on the ground that appellant has failed to comply with Rule 9 of the Revised Rules of this court, which recites in pertinent part as follows:

"Appellant's brief under separate headings shall contain: (a) under the heading 'Statement of the Case,' a concise statement of so much of the record as fully presents every error and exception re-lied upon referring to the pages of the transcript; (b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely * * *"—Recompiled Code of Alabama, 1958, Vol. 3, p. 1159

There are twenty-four assignments of error. No reference is made to any of them in appellant's brief. We have frequently pointed out that a brief is unsufficient which contains some general propositions of law, but which fails to make specific application to the ruling assigned as error, as the court cannot be put to a search for error not specifically assigned and argued in brief. Schneider v. Southern Cotton Oil Co., 204 Ala. 614, 87 So. 97; Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465; Shelby County v. Hatfield, 264 Ala. 488, 88 So.2d 842; Reynolds v. Henson, 275 Ala. 435, 155 So.2d 600.

The only possible construction which can be placed on appellant's brief is that it was designed to support those assignments of error which take the point that the evidence is insufficient to sustain the trial court's decree and, hence, the trial court erred in rendering the decree in favor of appellees and in denying appellant's motion for a rehearing.

When so considered, appellant's brief is certainly lacking, for there was no attempt to set out a "condensed recital of the evidence given by each witness" as required by Supreme Court Rule 9. The record contains more than five hundred pages and the transcript of the evidence consists of four hundred and thirty-four pages. There were

·seventeen witnesses and no effort was made to summarize their testimony.·

We have also said that where no assignments of error are mentioned in brief, they must be considered to be argued in bulk. Associates Discount Corp. v. Big Three Dodge, Inc., 277 Ala. 406, 171 So.2d 114; Raphael Per L'Arte, Inc., v. Lee, 275 Ala. 307, 154 So.2d 663; Bolton v. Barnett Lumber & Supply Co., 267 Ala. 74, 100 So.2d 9; Dudley Bros. Lumber Co. v. Long, 268 Ala. 565, 109 So.2d 684. And where several unrelated assignments of error are grouped and argued together in brief, and one is found to be without merit, the court will not consider the others. Ratliff v. Ratliff, 275 Ala. 560, 156 So.2d 725; Callahan v. Booth, 275 Ala. 275, 154 So.2d 32; Associates Discount Corp. v. Big Three Dodge, Inc., supra. Assignment of Error 18 is to the effect that the trial court erred in overruling appellant's application for rehearing. Under our uniform holdings this assignment is without merit. Equity Rule 62; Phillips v. Phillips, 277 Ala. 2, 166 So.2d 726; National Association for the Advancement of Colored People v. State, 274 Ala. 544, 150 So.2d 677, and cases cited. Assignment of Error 22 reads: "The Court erred in its rulings upon the evidence." This assignment is without merit, being too general. Howell v. Smith, 206 Ala. 646, 91 So. 496. Since all assignments of error, some of which are not related, must be considered as argued in bulk, and some are clearly without merit, none can be considered. Associates Discount Corp. v. Big Three Dodge, Inc., supra.

See our recent case of Piper Ice Cream Co. et al. v. Midwest Dairy Products Corp. et al., 279 Ala. 471, 187 So.2d 228, which is much in point with the instant case.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.