226 So.2d 659

Marion E. McGUIRE

v.

Fred ADKINS.

8 Div. 298.

Supreme Court of Alabama.

Sept. 18, 1969.

Taylor & Taylor, Russellville, for appellant.

Robt. M. Cleere, Russellville, for appellee.

PER CURIAM.

This is an appeal from the Circuit Court of Franklin County following a voluntary nonsuit after demurrers to all amended counts had been sustained. The original complaint contained one count laid in slander and followed the statutory count for this class of alleged wrongful conduct.

Defendant appeared, filing a demurrer. Later, amended Counts II, III, IV and V were filed and Count I was dismissed on motion of plaintiff. Demurrers were refiled to the amended counts and sustained to all counts. Plaintiff then moved for a voluntary nonsuit with leave to appeal. The motion was granted and this appeal followed.

Appellant makes five assignments of error, all referring to the action of the court in sustaining the demurrers to the four amended counts. Counsel for appellee joined in the appeal but did not submit a brief.

The first assignment of error is based upon the sustaining of demurrers to the four amended counts. The other four assignments of error relate to the same ruling, but place each count in a separate assignment.

In brief, appellant in the first paragraph of argument, designated Proposition of Law I, discusses the question of the requirement for alleging special damages, but fails to make any reference to any of the assignments of error. Nor is there any reference to any of the four amended counts.

In the second and concluding paragraph of the argument, appellant argues the alleged errors of the court in sustaining the demurrer to the four amended counts (numbered II, III, IV and V), again without any reference to any numbered assignment of error. There is a specific reference to Count II.

Count II reads as follows:

"Plaintiff says that it is generally accepted that saying a girl is wild and stays out late with boys and has a bad reputation is understood as meaning that she is unchaste. Plaintiff says that she is a female person and that in the presence and hearing of divers persons the defendant falsely and maliciously said of and concerning the plaintiff that 'she was wild, stayed out late with boys and had a bad reputation' meaning that she was unchaste. Plaintiff claims $10,000 damages for this slander and punitive damages."

The demurrer to Count II reads:

"Now comes the defendant in the above cause and demurs to the complaint and to each count thereof, separately and severally, and he does assign the following separate and several grounds to each count of said complaint, separately and severally:

"1. For that said count does not state a cause of action.

"2. For that said count states mere conclusions of the pleader and does not state a cause of action against this defendant.

"3. For that the conduct on the part of this defendant complained of does not state a cause of action against this defendant.

"4. For that the pleader in said count attempts to state the quo modo of actionable conduct or language of this defendant and that said language is not actionable per se and hence the count does not state a cause of action.

"5. For that said count fails to apprize the defendant to whom he is charged with publishing slander against the plaintiff.

"6. For that the language quoted by the pleader in said count does not impute a want of chastity on the part of the plaintiff but is the mere conclusion of the pleader.

"7. For that said count is vague and uncertain."

We observe that Count II fails to state when, where and to whom the slander was published. The demurrers aptly point out this defect. This omission is fatal and we hold the trial court properly sustained the demurrers to amended Count II. Weir v. Brotherhood of Railroad Trainmen, 221 Ala. 494, 129 So. 267.

As indicated above, appellant in brief at no time makes reference to any of the five assignments of error. It is true that all of the counts apparently intend to refer to the same incident, but they are all worded differently and would require and receive individual consideration. There is clearly an omission to comply with Supreme Court Rule 9. This court cannot be put to search for error not specifically assigned and argued in brief. If we consider the argument as being directed to all the assignments of error, then they must

be considered to be argued in bulk. If, however, we consider the argument as directed only to Assignment of Error 2 (Count II), the other assignments are waived for failure to argue. Since one of the bulk assignments is found to be without merit, the court will not consider the others, the assignments being unrelated. Zanaty v. Hagerty, 280 Ala. 232, 191 So.2d 516; Piper Ice Cream Co. v. Midwest Dairy Products Corp., 279 Ala. 471, 187 So.2d 228; Bolton v. Barnett Lumber & Supply Co., 267 Ala. 74, 100 So. 2d 9.

For reasons above indicated, we do not consider the other assignments of error. The ruling of the trial court in sustaining the demurrers to amended Count II was without error and the cause is due to be affirmed.

The foregoing opinion was prepared by J. Edgar Bowron, Supernumerary Circuit Judge, and is adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.