259 So.2d 823

Mrs. Clara Pearl QUARLES, as Administratrix of the Estate of O. W. Quarles, Deceased

v.

STATE of Alabama.

7 Div. 912.

Supreme Court of Alabama.

March 30, 1972.

Roy D. McCord and J. A. Hornsby, Gadsden, for appellant.

William J. Baxley, Atty. Gen., and Mary Lee Stapp and Arthur J. Reid, Asst. Attys. Gen., for the State.

**276**

MADDOX, Justice.

O. W. Quarles, appellant, was adjudged the father of Lisa Naomi Hoskins, a minor, in a proceeding before the Etowah County Court initiated by a complaint made by W. W. Rayburn, Etowah County District Attorney, on the affidavit of Mavis Hoskins. Quarles died after this appeal was taken. Upon suggestion of his death, the cause was revived and submitted on the briefs already filed. Supreme Court Rule 33.

Upon the filing of the complaint, a warrant was issued against Quarles, as the reputed father, by the Etowah County District Attorney. Title 27, § 12(2), Code of Alabama, 1940, Recompiled 1958, provides that the *judge of the county court* shall issue the warrant against the reputed father. Thus, the warrant by the *District Attorney* in the instant case was not in compliance with § 12(2). Nonetheless, the appellant was served with the warrant by the Sheriff of Etowah County, and the appellant filed an appearance bond. Subsequently, Quarles filed a demurrer and motion to strike the affidavit and complaint and, upon the county court's ruling sustaining the demurrer, the State amended the complaint. The cause was tried without a jury. Quarles was determined to be the father of Lisa Hoskins.

Quarles filed an appeal bond to the Circuit Court of Etowah County, Alabama, and a complaint was filed by the District Attorney. Again the appellant filed a demurrer and a motion to strike the complaint, both of which were overruled. A jury trial was had and the jury returned a verdict finding Quarles to be the father of Lisa Hoskins. Pursuant to the jury verdict, the Circuit Court ordered that Quarles pay $487 hospital and doctor bills and $7 per week as support for the child.

Thereupon, the appellant perfected an appeal to the Court of Civil Appeals, and on motion of appellee, the State of Alabama, pursuant to Act No. 987, Acts of Alabama 1969, p. 1744, the cause was transferred to this Court.

Appellant's brief contains an argument in which Assignments of Error 1, 2, 3 and 5 were alleged to support the proposition that an invalid warrant will not support a "conviction." These assignments are unrelated and argued in bulk in the appellant's brief. Where several unrelated assignments of error are grouped and argued together, and one is found to be without merit, the court will not consider the others. Ratliff v. Ratliff, 275 Ala. 560, 156 So.2d 725 (1963); Callahan v. Booth, 275 Ala. 275, 154 So.2d 32 (1963); Associates Discount Corp. v. Big Three Dodge, Inc., 277 Ala. 406, 171 So.2d 114 (1965); Zanaty v. Hagerty, 280 Ala. 232, 191 So.2d 516 (1966). Appellant's Assignment of Error 3 is to the effect that the sentence in the cause is contrary to the law, while appellant's Assignment of Error 5 is to the effect that the order of the court in this cause is contrary to the law. In Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736 (1958) an assignment of error alleged that the verdict and judgment were contrary to the law and the evidence. The court held that such an assignment was not sufficient to present any question for review. In First National Bank of Birmingham v. Brown, Ala., 251 So.2d 204 [1] (1971) an assignment of error was that the decree and judgment

1. 287 Ala. 240.

were contrary to the law, and the court held the assignment too general to be considered on appeal. *First National Bank* and *Bertolla,* supra, in our view, preclude a consideration of Assignments 3 and 5 in the instant case due to their being too general. Since the appellant has grouped defective Assignments 3 and 5 with unrelated Assignments 1 and 2, none of the Assignments can be considered on appeal. *Zanaty,* supra.

Even assuming we reached the question of the defective warrant, we point out that in legitimation proceedings, a voluntary appearance in court by the defendant can waive any defect in the arrest warrant. See Trawick v. Davis, 4 Ala. 328 (1842); Thornton v. State, 19 Ala. App. 544, 99 So. 837 (1923).

The decree of the trial court is hereby affirmed.

Affirmed.

HEFLIN, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.

HEFLIN, Chief Justice (concurring):

This case has been decided on a technicality, rather than on its merits. In concurring, I reaffirm the thoughts expressed in my concurring opinion in Mid-State Homes, Inc. v. Roberts et al., ante p. 86, 257 So.2d 333 (1972).